Van Wagenen *against* The Overseers of the poor
of Kingston.

The court of general sessions of the peace have no power to make an *original order* of filiation and maintenance in a case of bastardy. *It seems* that original jurisdiction was given to the sessions in *England,* in such case, by the statute 3 *Car.* I. c. 4. and that part of the *English* statute has not been enacted here.

IN ERROR, from the general sessions of the peace of *Ulster* county.

Application was made by the defendants in errror to the general sessions of the peace in *Ulster* county, for an order of filiation and maintenance against *Van Wagenen,* as the putative father of a bastard child. It appeared that one of the justices of the peace of the county had, on the 2d *January,* 1812, upon the examination of the mother of the child, issued a warrant, under the second section of the act, (sess. 24. c. 18.) for the relief of cities and towns from the maintenance of bastard children, on which *Van Wagenen* was taken and brought before the justice, and no indemnity being given, recognisance was taken by the justice for his appearance at the next general sessions of the peace.

The recognisance with the examination was returned to the sessions, but not the warrant, or any other of the proceedings before the justice. The counsel for *Van Wagenen* objected to any further proceeding in the sessions, until the warrant was produced; but the justices of the sessions overruled the objection. The overseers then offered the mother of the child to prove *Van Wagenen* to be the father, &c. in order that the sessions might make an original order of filiation and maintenance; and it was objected that no order having been made by two justices, pursuant to the first section of the act, the court of general sessions of the peace had no power to make an original order of filiation, &c. but the objection was overruled by the court, who, on the examination of the mother of the child, made an order of filiation, &c. and directed *Van Wagenen* to pay to the plaintiffs 60 dollars for the expenses of the maintenance of the child, from its birth to that time, and a weekly sum for its future maintenance.

A motion was made to quash the order of the sessions; 1. Because it did not appear to the sessions, except by the verbal statement of the justice, that the warrant on which the defendant below was taken, issued on the complaint of the plaintiffs or one of them.

2. Because the warrant was not produced to the court of sessions, so that the sessions might judge of its validity and of the proceedings thereon.

3. Because the court of sessions had no power or authority to make an original order of filiation and maintenance.

*Hawkins* and *Ruggles,* for the plaintiff in error.

*Elmendorf* and *Sudam,* contra.

*Per Curiam.* The objection that the general sessions had no power to make an original order is fatal. Original jurisdiction was given to the sessions in *England,* by the statute of 3 *Car.* I. c. 4. and that statute has never been re-enacted with us. It was resolved by the K. B., in *Slater's Case,* (*Cro. Car.* 470.) that before this statute of *Charles,* the justices, at their sessions, had no authority to meddle in the case of bastardy, until two justices, according to the statute of 18 *Eliz.* c. 3. had made an order therein. In the modern case of *The King* v. *Greaves,* (*Doug.* 632.) the authority of the sessions was traced to the statute of *Charles.* Our statute (sess. 24. c. 18.) seems to be a transcript of the *British* statute, except the single section relating to this subject, in the statute of *Charles* I.

Order quashed.