SALISBURY, EXECUTOR, &c. *against* PHILIPS AND OTHERS, HEIRS, &c.

THIS was an action of *covenant.* The declaration was on the following instrument, executed by *Jacob Philips,* the ancestor, in his lifetime, to the plaintiff's testator : " For and in consideration of the sum of 12*l.* to me in hand paid, by *Abraham Salisbury,* I do hereby assign over to him and his assigns, for ever, all the estate, right and interest, which I have in the lands described in the within lease ; upon this condition, if I shall pay to the said *Abraham Salisbury,* by the 1st of *October* next, the aforesaid sum of 12*l.* with interest, then this assignment to be void, otherwise he may sell it, and from the money retain the 12*l.* with the interest, paying the remainder to me or my heirs. Witness my hand and seal the 1st day of *July,* 1794."

A. by an endorsement on a lease, under his hand and seal, assigned over to B. for the consideration of 12*l.*, all his estate, right and interest in the lease and premises, &c. upon condition that if A. should pay to B. the 12*l.* by a certain day, the assignment should be void, otherwise B. was to sell the premises assigned, and repay himself the 12*l.* with interest, &c. It was held that this did not amount to a *covenant* on the part of A. to pay the 12*l.* to B., and that no action would lie upon it against A.

The defendants demurred to the plaintiff's declaration, 1. Because the writing set forth in the declaration is averred to contain a covenant by *Jacob Philips*, in his lifetime, to pay 12 pounds, whereas the obligation or instrument of which the plaintiff has given *oyer*, contains no covenant whatever; 2. Because the plaintiff avers that the testator made his certain writing obligatory, whereas by the *oyer* of it, it appears to be an assignment.

*M. I. Cantine*, for the plaintiff.

*Powers*, for the defendants.

*Per Curiam.* An action of covenant for the non-payment of money will not lie upon the assignment of the lease, because the assignment contains no covenant for the payment of money. The assignment only contains a condition for the benefit of the assignor, that he might redeem the lease by such a day, on payment of the money, and if he elected not to do this, the assignee was to sell the lease and pay himself. This was the only remedy prescribed for the assignee, and the assignor entered into no personal covenant to pay the money. The cases of *Briscoe* v. *King*, (*Cro. Jac.* 281.) of *Suffield* v. *Baskervil*, (2 *Mod.* 36.) and of *Howell* v. *Price*, (1 *P. Wms.* 291. S. C. *Prec. in Chanc.* 423.) are analogous, and show clearly that no action for non-payment of the money will lie in such a case.

                    Judgment for the defendants.