The Chief Justice delivered the opinion of the court.
A court of General Quarter Sessions of the Peace has no authority to make an original order of affiliation and maintenance. Such jurisdiction is not given to that court.
The first section of the act for the maintenance “ of bastard children,” Rev. Laws 171, provides for the relief of the township in which the bastard shall be born and for the sustenance of the child. It authorizes two justices of the peace to make an order charging the mother or reputed father; and to commit the party, not performing the order, to gaol, except security shall be given to perform the order ■or to appear at the next court of General Quarter Sessions of the Peace of the county; and also to abide such order as the Sessions shall take in that behalf, if they then and there shall take any; and if at the said Sessions they shall take no other order, then to abide and perform the order before *170 made as aforesaid. By this section, jurisdiction is given to the Sessions by way of appeal from the original order of the two justices.
The main purpose of the second section is to secure the person of the reputed father. It provides therefore that if the woman after or before the birth of the child, charge a person on oath as the father, a warrant shall- be issued by a justice of the peace for his immediate apprehension; and being brought before such justice, he is to be committed to prison unless he give security to indemnify the township or “ enter into recognizance with sufficient surety with condition to appear at the next Court of General Quarter Sessions or General Sessions of the Peace to be hoiden for such county, and abide and perform such order as shall be made in pursuance of this act.”
This clause was by no means designed to give jurisdiction to the Sessions to make an original order. Pío authority indeed is here given to make any order. The party is not bound to appear in the Sessions and abide and perform such *144] order or orders as shall *be then and there made; but he is to abide such order or orders as shall be made in pursuance of the act, such order or orders for which the act has provided. An order of maintenance cannot be made pursuant to the second section, because it contains no provision for. the making of such order. The order or orders intended by the cited clause of the second section are the ' original order of two justices and the order on appeal in the Sessions mentioned in the first section. But it is asked, why bind the reputed father to appear in the Sessions if an original order may not be there made? It may be that some place of appearance being deemed necessary, a convenient and suitable place was thereby fixed; but whatever was the object, it is clear that merely binding him to appear there, cannot, without something more, give authority to-make such an order against him. Again : the first section provides for an order of affiliation and maintenance on the- *171 mother as well as on the father. But if the second section gives authority to make an original order, as that section respects the father only, the consequence follows that the Sessions may make an original order on the father but not upon the mother. A difference and inequality we cannot readily believe to have been intended by the legislature.
In England, the statute of 13 Eliz. c. 3, is similar to the first section of our act. Our second section has been drawn from the 6th of Geo. 2, c. 31. It has been held that the Sessions had no jurisdiction under these statutes to make an original order ; that such jurisdiction is there given by the 3d of Charles c. 4, which has not been re-enacted here. A view of the subject and of the loading cases is found in 1 Burns’ Justice, tit. Bastards.
In New York the 1st and 2d sections of the act of Sess. 34, eh. 18, are like the correspondent sections of our act. In Van Wagenen v. Overseers of Kingston, 10 John. 56, where, as in the case before us, the putative father being charged on oath, had appeared before a justice of the peace and there entered into recognizance for liis appearance in the Sessions, the Supreme Court of that state decided that the Sessions had no authority to make an original order.
Let the order of affiliation and maintenance made by the Court of General Quarter Sessions of the Peace of the county of Gape May, and removed hero by certiorari, be quashed.