## PATTERSON v. BREWSTER and others.

Although there may be a partnership in the use and working of land, there cannot be one in the buying and selling of real estate, so as to carry with it the rights, powers, duties and responsibilities of partners under the law merchant.

Where an association is formed for the purchase, sale and improvement of real estate and its trustees, (pursuant to its articles,) effect sales and buy in their own names individually and so give their own bonds and mortgages, a seller cannot follow the associates where the trustees become insolvent. It might be otherwise, however, where the sale was made on the credit of the capital of the association and on that of the parties where their shares have not been paid in. A right to sue on an original simple contract indebtedness is merged when a higher security is taken, for example, a bond and mortgage.

The fact of the death of some shareholders in an association does not create a difficulty sufficient to justify a suit in equity in order to make all contribute to pay a debt.

*Jan. 24, 25, 1844.*

*Partner-ship. Land. Associa-tion. Trustees. Death. Sharehol-der. Bond and mortgage. Cause of suit.*

BILL against some of the members and the representatives of other members of a joint stock association, formed under articles of agreement dated the twenty-eighth day of September in the year one thousand eight hundred and thirty-five, for the purpose, as therein expressed, " of purchasing, selling and improving real estate in the city of Pittsburgh and its immediate vicinity and for no other purpose," and called the *Pittsburgh Land Company.* The company or association was to continue for three years. Its capital was fixed at one hundred thousand dollars, divided into shares of five thousand dollars each. The subscribers were each to contribute the number of shares set opposite their names. Messrs. Wetmore and Havens were constituted the agents, attorneys and trustees for the accomplishment of the objects of the association. They were to make all the purchases, take the titles in their names and, then, to execute declarations of trust in favor of the associates. Under the trust, they were to effect sales and exchanges of the property and give and receive mortgages. The nett proceeds and mortgages taken on sales were to be divided

by them amongst the associates; and they were to convey the lands undisposed of in fee to the associates, whenever required, in proportion to the shares held by them respectively.

In the month of September, in the year one thousand eight hundred and thirty-six, the agents, Wetmore and Havens, purchased of the complainant, at Pittsburgh, certain real estate at that place; and, for which, they received a conveyance under the trust for the benefit of the association; paid a part of the consideration money; and, for the balance of thirty-two thousand dollars, they, the agents, gave their individual bonds, five in number, each for the payment of six thousand four hundred dollars, with interest, in two, three, four, five and six years from their date and, also, a mortgage of the same premises to secure the payment of the bonds. These bonds were executed under their hands and, what purported to be their seals (a scroll being a seal according to the laws of Pennsylvania.) The bonds were in the names of Wetmore and Havens as obligors and not in the name of the company or as agents, attorneys or trustees of it. The bonds remaining unpaid and the obligors, Wetmore and Havens, having become insolvent, the bill was filed to compel the associates of the company to contribute and pay the bonds or the debt thereby created.

The bill did not contain any averment that the defendants had not theretofore contributed and paid up the whole of their respective subscriptions to the capital of the company; but it proceeded on the ground that the purchase having been made on account of and for the association by their authorized agent and having been accepted by such association, they, its members, were jointly and severally liable to pay the balance of the purchase money remaining due; and it prayed that they might be decreed to pay accordingly.

The defendants interposed a general demurrer.

Mr. *Lord* and Mr. *Wood*, in support of the demurrer.

Mr. *M. Hoffman*, for the complainant.

1844.

PATTERSON
*v.*
BREWSTER.

THE VICE-CHANCELLOR :—The claim made by the bill is attempted to be supported on the ground of a liability attaching to the defendants as partners. It appears to me, however, that, considering the object of this company or association, it is not to be deemed a partnership in the mercantile sense of the term with the rights, powers, duties and responsibilities of partners belonging to the associates under the law merchant. There may be a partnership in the use or working of lands, as in the business of farming, mining or manufacturing, where the law merchant will apply and govern, as in ordinary partnerships which directly relate to merchandize or mercantile affairs. But, in the buying and selling of lands for profit, on the joint account of several, as in this instance, the lands retain all the characteristics of real estate. It is bought—and it is sold—as such ; the title is taken to the purchasers either in joint tenancy or as tenants in common or in the name of a trustee upon certain declared trusts; and, as real estate, it is sold and conveyed or, if it remain undisposed of, it descends to the heir. One joint tenant or one tenant in common cannot bind his co-tenants by any contract he may enter into in relation to the lands so held ; each one must contract for himself and for his own share and interest.

Their liability arising out of the fact of ownership alone is several and not joint and several. Each one must contract for himself and in relation to his individual share. There is no implied allegation of authority among them that one may contract debts on account of the estate generally so as to be binding on all. In short, there are, among joint owners of this species of property, none of the incidental powers which belong necessarily to one of several joint owners of merchandize, chattels or personal property of any sort where the possession of one is the possession of all, and all, in respect to the ownership, are but as one person. For the sake of convenience and the easier management of all partnership concerns, whether it be in the trade of buying and selling merchandize, in manufacturing or in the business of working lands either for agricultural or mining products, one partner has the power to bind all by any contracts he may make which are

within the scope of their partnership business. But this cannot be the law in the mere business of buying and selling lands. In all such cases, the courts can only undertake to enforce the contract as actually and fairly made. Now, the contract, in this instance, for the purchase of the lands of the complainant, was made between him and Wetmore and Havens. They purchased in their own names; took the title in their own names; and gave security in their own bonds and mortgages for the balance of the purchase money. Although the bill alleges that this purchase was made for the account of the Pittsburgh Land Company as provided for in the articles of association, yet, this must be understood only as a matter between Wetmore and Havens, as agents and trustees on the one part and the association on the other part. For, as to the complainant, it is not alleged in the bill that Wetmore and Havens were not the principal contracting parties with him, nor that he dealt with them as principals and agreed to take them as his paymasters as their bonds import.

No fraud or imposition is alleged to have been practised in order to induce the complainant to take their bonds. It is not even alleged that the sale of the land was made on the credit of the capital of the company or of the individual associates or that he was mislead or deceived when he made the contract of sale and consummated it by his deed of conveyance and the acceptance of the bonds and mortgages.

The court must, therefore, intend that he made his contract to sell on the personal responsibility of Wetmore and Havens and upon the mortgages by way of further security. He must not complain if he is left with no other or better remedy than the securities which he holds can afford him.

But, if the contract was originally different, so that the complainant might have resorted to the associates in an action for the purchase money, he has waived it by taking a higher security. The simple contract indebtedness is merged in the bonds and he is precluded from resorting to it: *Penny* v. *Martin*, 4 J. C. R. 566; and *Robertson* v. *Smith*, 18 J. R. 459.

Again: the remedy is at law if there be still a partner-

ship indebtedness. The circumstance that some of the members have died who are now represented by executors or administrators ought not, in my judgment, to induce a resort to this court, without first going against the survivors at law and ascertaining whether the debt can be collected out of the joint property in their hands. The decision of Sir John Leach, M. R. in *Wilkinson* v. *Henderson*, 1 Mylne & K. 583, seems to me contrary to principle; and I am not content to adopt it as a rule for the court of chancery of this state.

Demurrer allowed, with costs; but with leave to the complainant to amend his bill, if he can, by alleging the sale to have been made on the credit of the one hundred thousand dollars of capital subscribed and of the individual subscribers and that they or some of them have not paid up their subscriptions, &c.