## CULVER *vs.* SISSON.

An action of debt will not lie upon a chattel mortgage to recover the sum of money secured thereby, unless the instrument contains an express agreement to pay the sum, or a distinct acknowledgment of an existing debt.

In a chattel mortgage executed by the defendant to the plaintiff under seal there was no express covenant to pay the money, nor any acknowledgment except that the instrument was declared to be executed for the purpose of securing the payment of a certain sum. There was a proviso that the instrument should cease and be void on payment of the sum; and in case of default the plaintiff was authorized to sell the goods and apply the proceeds in payment, rendering the overplus to the defendant. *Held*, that debt would not lie upon the instrument.

APPEAL from the supreme court, where the action was debt brought by Culver against Sisson. The declaration set forth in substance that on, &c. at, &c. the defendant by an instrument

in writing under his hand and seal acknowledged himself to be indebted to the plaintiff in the sum of $345,70, which remained unpaid, and thereby an action had accrued for the recovery of that sum. The instrument declared upon was set forth on oyer, and was in the form of a chattel mortgage. It transferred to the plaintiff certain goods and chattels "*for the purpose of securing the payment of the sum of* $345,70," with a proviso that the instrument should cease and be void on payment of the money by a certain day; and, in case of default, it authorized the plaintiff to sell the goods and to apply the proceeds in payment, rendering the overplus to the defendant. Until default the defendant was to retain possession of the property. There was no express covenant to pay the money, nor any acknowledgment of a debt other than is contained in the words before quoted. The defendant demurred to the declaration, and the supreme court sitting in the seventh district gave judgment in his favor. The plaintiff appealed to this court.

*Geo. F. Comstock,* for appellant.

*N. Hill, Jr.* for respondent.

Hurlbut, J. It is contended on the part of the defendant, that the instrument declared upon contains neither an acknowledgment of indebtedness on his part, nor any express covenant or agreement to pay money, without one or the other of which this action cannot be maintained.

It is clear that the instrument set forth contains no express covenant to pay money, and this case must therefore fall within the principle determined in *Briscoe* v. *King,* (*Cro. Jac.* 281;) *Suffield* v. *Baskeroil,* (2 *Mod. R.* 36;) *Smith* v. *Stewart,* (6 *Blackf.* 162;) *Scott* v. *Field,* (7 *Watts.* 360;) *Drummond* v. *Richards,* (2 *Munf.* 337;) *Salisbury* v. *Philips,* (10 *John.* 57;) unless the defendant has bound himself by an express acknowledgment of indebtedness to the plaintiff. Now the language of the instrument which is relied on for this purpose falls far short of the requirements of the law. The defendant merely recites

an intention to secure the payment of a sum of money; and he might have done this although nothing was due to the plaintiff; or he might have transferred the chattels for the purpose of securing the debt of another, without intending to become personally bound for its payment.

It was for the plaintiff to show that the instrument declared on contained a clear and unequivocal recognition of a debt due from the defendant to himself, in order to escape from the application of the rule established in *Briscoe* v. *King*, and to bring his case within the principle laid down in *Elder* v. *Rouse*, (15 *Wend.* 218.) In the latter case, the defendant executed an instrument under seal, by which he recited in express words *that he was indebted to the plaintiff in the sum of* $100, and for the purpose of securing the payment of that debt he sold and conveyed to the plaintiff certain church pews, with a proviso, that if the defendant should pay the $100 with interest in one year, then the transfer should be void. The action of debt for $100 was sustained on this instrument, on the ground that the debt was expressly acknowledged to be due, on the face of it; and the case was thus distinguished from that of *Briscoe* v. *King*, and others of that class. The judgment of the supreme court must be affirmed.

Judgment affirmed.