## WEED *vs.* COVILL.

Where a chattel mortgage contains no agreement to pay the sum secured thereby, and no recital or declaration of indebtedness from the mortgagor to the mortgagee, no action will lie by the mortgagee, upon the mortgage, to recover the debt secured.

A covenant, in a chattel mortgage, that the mortgagor will warrant and defend the property, is merely a warrant of title; not that the mortgagor will forever keep the property, or protect it.

THE complaint in this case was on a chattel mortgage, dated November 19th, 1831, due on the 1st of January, 1833, and it alledged that the defendant had used up and disposed of the property mortgaged, that no part of the money had been paid, and demanded the sum secured by the mortgage, and interest from date. The terms of the mortgage were not given, but a copy of it was attached to the complaint, and marked *A ;* but the complaint did not refer to that. The defendant demurred, and referred in his demurrer to the copy of the mortgage annexed to the complaint. By that it appeared that the mortgagor was to have possession of the property until default in payment. And for the consideration of $1, and to secure the payment of $110, it granted, bargained and sold to the plaintiff a pair of horses and a harness and other property mentioned in a schedule; to be void if defendant paid $110 by the 1st of January, 1833, and if not, the plaintiff might enter and carry away and sell and dispose of the property for the best price he could, and out of the money to retain and pay the sum and charges, rendering the overplus, if any, to the mortgagor. It also contained a covenant to warrant and defend the property. The case was submitted on written points, by

*G. R. Andrews,* for the defendant.

*W. Hay,* for the plaintiff.

*By the Court,* HAND, J. Considering the mortgage as before the court, there is no agreement to pay the sum of $110, or any part of it. There is no recital or declaration in the in-

strument that the defendant was personally indebted to the plaintiff. And even the complaint does not so state. There is, therefore, no implied covenant to pay any thing. It is merely a mortgage, without any personal liability. And the case of *Culver* v. *Sisson*, (3 *Comst.* 264,) seems to be conclusive against the plaintiff.

The plaintiff insists that the covenant to warrant and defend against himself and others is broken, because he "has used up and disposed of" the property. I do not think this a correct construction of the covenant. It is merely a covenant of title, not that he will forever keep the property or protect it.

The only difficulty I have had with the case, was, whether this may not be considered an action for a conversion of the property; and then, as no statute of limitations has been pleaded, the plaintiff would be entitled to judgment. But the allegation is not that the defendant has used up and disposed of the property for his own use, or, in any way by his fault, or wrongfully; nor, in fact, in any way wrongfully converted it to his own use. And the complaint does not demand damages for "using up and disposing of it," nor for its value, but for the sum of $110, and interest from the date of the mortgage.

Judgment for defendant, with leave to amend, &c.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]