## VROOMAN *vs.* DUNLAP.

A complaint alleged that the plaintiff, being the owner of a farm, sold and conveyed it to the defendant, who, in consideration thereof, promised and agreed to pay the plaintiff $2700 therefor. That the defendant paid $200, and gave the plaintiff a mortgage on the premises, to secure the payment of $2500, the remainder of the purchase money; that no bond was given as collateral to the mortgage, but the defendant agreed not to commit waste on the premises, by cutting timber or otherwise, and that the farm should be kept and preserved in as good condition as it was at the time of sale; that to induce the plaintiff to waive the giving of a bond by the defendant, the latter falsely and fraudulently represented that he purchased the farm for a homestead for his son; whereas, in truth and in fact, he purchased the same for the purpose of selling it at an advance, to one D. who was without means and unable to purchase such a farm. That the defendant, two days after he had so purchased the farm, sold and conveyed

Vrooman *v.* Dunlap.

it to D. without any covenant or agreement from him restraining the commission of waste, or obliging D. to keep the premises in good condition and preserved from waste and depreciation in value. That the defendant suffered and permitted D. to cut and destroy the timber on said farm, and the fences, farm and buildings to become ruined, dilapidated and greatly depreciated in value, to the amount of $800. That the mortgage had been foreclosed, and the farm was sold for a sum insufficient to pay the same; the deficiency being over $800. The complaint then prayed that the defendant might be adjudged to pay to the plaintiff the amount of such deficiency, with interest, &c. *Held* that the complaint did not state facts sufficient to constitute a cause of action; and that it was properly dismissed for that cause.

APPEAL from a judgment entered upon a nonsuit ordered at the circuit. The case is stated in the opinion.

*W. H. Engle*, for the plaintiff.

*De Puy & Bowen*, for the defendant.

*By the Court*, MARVIN, J. The plaintiff's counsel opened the case to the jury, when the defendant's counsel moved the court to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The court so decided, and dismissed the complaint, and the plaintiff excepted. I have examined the complaint with care. It is not always easy, under our present system of pleading, to ascertain clearly what notions the pleader had of his client's case or rights, or to what branch of the law he intended to resort, for the redress of his client's supposed grievances.

In this case the complaint tells me, in substance, that the plaintiff owned a farm in Orleans county, in March, 1857; that he bargained, sold and conveyed it to the defendant; and that the defendant, in consideration thereof, promised and agreed to pay the plaintiff $2700 therefor. That he paid $200, and executed to the plaintiff a mortgage on the premises as collateral security for $2500, the remainder of the purchase money; and that in consideration of the sale and conveyance of said premises and of the execution of the mort-

gage on said premises as collateral security for a portion of the purchase money aforesaid, and also in consideration that the plaintiff would waive the execution of a bond to the plaintiff to accompany the mortgage, the defendant agreed, undertook and promised with the plaintiff not to commit waste on said premises, by cutting timber or otherwise, and that the farm should be kept and preserved in as good a condition as it was at the time of sale, while the mortgage remained unpaid. And to induce the plaintiff to believe that the said farm would be by him preserved from becoming lessened in value, and to rely on the same as security for the payment of the said purchase money, and to induce the said plaintiff to waive the execution of said bond and give the deed aforesaid, the defendant falsely and fraudulently represented and affirmed to the plaintiff, at the time and place aforesaid, that he purchased said farm for a homestead for his son; whereas in truth and in fact he purchased the said farm for the purpose of selling the same at an advance, to one Dygert, who was without means, and wholly unable to purchase property of the value and to the amount of said farm. And the plaintiff further avers, that the false and fraudulent representations above mentioned had a material influence with and upon him in inducing him to execute and deliver to the defendant the deed of the said farm, at the time and place aforesaid. That the defendant, two days after he purchased the farm, sold and conveyed it to Dygert without any covenant or agreement from and with Dygert restraining him from committing waste, or obliging the said Dygert to keep the premises in good condition, or providing for preserving the said premises from waste and depreciation in value. He further shows that the defendant suffered and permitted Dygert to cut and destroy the timber on said farm, and suffered and permitted the fences, farm and buildings to become ruined, dilapidated and greatly depreciated in value, to the amount of about $800. A foreclosure of the mortgage is then alleged, and a sale of the farm for a sum insufficient to pay the mort-

Vrooman *v.* Dunlap.

gage. The deficiency on the 6th July, 1857, the day of sale, was $893.53. The plaintiff then prays that the defendant may be adjudged to pay to the plaintiff the said sum of $893.53, and interest, or such other sum as shall to the court seem just and equitable.

The case does not contain the opening of counsel to the jury. I am not therefore advised upon what ground he then put the case. In his points, now, he alleges that the agreement was that the defendant should pay the plaintiff for the farm $2700, of which he paid $200, and gave the mortgage for the remainder; that the defendant's promise to pay is not merged in the deed or mortgage; that the mortgage was only a security for the payment of the purchase money; and he claims that the plaintiff may recover in this action the deficiency. Some cases are cited, which the counsel supposes sustain these positions. Whatever may once have been the law upon this point, there can be no doubt what it now is, and has been, since the enactment of the revised statutes, which declare that "No mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured; and when there shall be no express covenant for such payment, contained in the mortgage, and no bond or other separate instrument to secure such payment shall have been given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage." (*See Hone* v. *Fisher, 2 Barb. Ch.* 559,)

The points contained some positions touching the allegations in the complaint, of the false representations and promises, but no authorities or cases are cited. It is not easy to fancy what use the pleader intended to make of the allegations in the complaint of a promise not to commit waste, and that the farm should be kept and preserved in good condition. The owner in fee of land promises that he will not commit *waste* on his own land. The promise is made to a mortgagee. I always suposed that *waste* had some reference to land in which some one other than the possessor had an interest by

way of remainder or reversion. I did not suppose that the absolute owner in fee could be guilty of waste upon his own land. But suppose the pleader did not use the term in the sense the law uses it, but intended simply to allege that the defendant promised not to cut timber, &c. and that he intended his action to be an action upon the promise or contract to recover damages for the breach; what then? I will not spend time in endeavoring to show that no such action, under the circumstances of this case, could be maintained. All the agreement between the parties, and all the representations, were made before the deed was executed and the mortgage given, and the statute says that the remedies of the mortgagee shall be confined to the land, &c. The allegations of a promise not to commit waste, and of fraudulent representations, were not the gravamen of the action. They were irrelevant, and would have been stricken out on motion.

The complaint was properly dismissed, and the judgment should be affirmed.

Judgment affirmed.

[ERIE GENERAL TERM, November 28, 1859. *Greene, Marvin* and *Davis,* Justices.]