## FRANK BUNACLEUGH *v.* JAMES POOLMAN.

The delivery of a chattel by a debtor to his creditor, accompanied by the execution of an instrument, by which the former agreed "to give up all claim to the watch, &c., if all claims due to you (the creditor) by me (the debtor) are not paid by the first of August, 1867,"—*Held*, not to constitute a pledge, but a mortgage, and the title passed absolutely on the failure of the condition expressed in the instrument.

*Held*, however, that the debtor had a right of redemption in equity, which was not waived by the condition expressed in the agreement; and that, in proceedings supplementary to execution against the debtor, a receiver might be appointed, with a view of reaching the debtor's interest in the property by a suit in equity to redeem.

SPECIAL TERM, JANUARY, 1870.

MOTION for a receiver in proceedings supplementary to execution.

The plaintiff having recovered a judgment against the defendant, on the 26th September, 1867, procured an order, on the 9th October, 1867, to examine one James Ackroyd, on the ground that the latter had property in his possession belonging to the judgment debtor. Upon the examination, it appeared that the defendant, in February, 1867, gave Ackroyd a pawn-ticket for a watch and chain then in pawn; that Ackroyd redeemed the watch and chain. It appeared that the defendant was indebted to Ackroyd, and for such previous debt, and the amount paid in redeeming the jewelry, Ackroyd was allowed to retain the watch, receiving from the defendant the following writing, viz: "New York, February 11th, 1867. I hereby agree to give up all claim to the watch, &c., if all claims due to you from me are not paid by the first of August, *eighteen sixty-seven*. Signed, James Poolman." The watch and chain had not been redeemed, and Ackroyd claimed it to be his. The plaintiff moved for the appointment of a receiver of the property.

*J. B. Elwood*, for motion, cited *Brownell* v. *Hawkins*, 4 Barb. 491; *Wilson* v. *Little*, 2 N. Y. 443.

*Mr. Egan*, opposed, cited *Stewart* v. *Foster*, 1 Hilt. 508; *Rodman* v. *Henry*, 17 N. Y. 482.

DALY, F. J.—This is not a pledge. · The defendant gave the watch to Ackroyd, signing an agreement in writing that he would give up all claim to the watch, if all claims due by him to Ackroyd were not paid by the 1st of August, 1867. It is distinguishable from the case of *Brownell* v. *Hawkins* (4 Barb. 491), where the condition was, that if the debt were not paid by a certain time, the creditor might dispose of the property " to the paying of the account," showing, as the judge held, that there was no intention to transfer a title absolutely or conditionally, but to deliver the property in security for the debt, with a right to sell it for the payment of the debt, if, by a certain time, the demand or debt were not paid; that is, it was a power given to the creditor to obtain the debt by a sale of the property fairly conducted; but was not an absolute appropriation of it after a given time to him, if the debt were not paid, which was the case here. This case resembles more nearly *Langdon* v. *Bush* (9 Wend. 80), where the words of the instrument were, " for securing the payment of the said notes, I hereby *pledge* and *give* a lien upon the engine to said Langdon, and if the notes are not paid, I consent that he shall hold the same as security, and to save himself harmless; it being understood that I keep possession of the same until the time arrives for the payment of the notes; and if the same are not paid, Langdon may take the same" (the engine). This, the court held, was not a pledge, but a mortgage; and that, upon the failure to perform the condition, Langdon acquired an absolute title to the chattel.

After the failure to perform the condition in the present case, by the 1st of August, 1867, all Poolman's claim to the watch was relinquished, and by the terms of the agreement, the title passed to Ackroyd. Where there is a delivery and an agreement that all title or claim to the property shall be relin-

quished, if a certain sum of money is not paid by a certain day, it is a mortgage, and the feature which distinguishes it is, that the title is to pass and become absolute, if the condition is not performed ; or it is a mortgage, as in *Langdon* v. *Bush*, if the title is conveyed subject to a defeasance, if the condition is performed within a given time. If there is nothing in the agreement to create a forfeiture of the right to redeem the property, or to defeat the right to it, except by a lawful sale, under a power conferred, then it is a pledge (Edwards on Bailment, 251, 252) ; but that is not this case.

The mortgagee of personal property is not required in order to perfect his title, to foreclose the equity of redemption ; for his title matures and becomes absolute upon the failure of the mortgagor to perform the condition (*Jackson* v. *Blodget*, 5 Cow. 202 ; Powell on Mortgages, 1115). There is a right of redemption in equity which it is necessary to foreclose, as it is not waived by any agreement beforehand between the parties, and which may be foreclosed by a public sale under the statute. The motion must be granted for a receiver, if the plaintiff wishes to bring a suit in equity to redeem, that being the only way in which any interest which Poolman has can be reached, Ackroyd's legal title being absolute.

Ordered accordingly.