### JEWETT v. BROWNELL.

(*Supreme Court, General Term, Third Department.* March 16, 1889.)

CONTRACTS—CONSTRUCTION—ASSUMPSIT.

 Defendant intrusted to plaintiff 240 shares of stock, for some purpose not disclosed, under an agreement by plaintiff not to sell the stock at a price below par for two years. He also transferred to him 60 shares, to be held by plaintiff as collateral security for the "payment of a certain sum of money upon the terms hereinafter set forth," which were as follows: Plaintiff "shall be entitled to receive, at the expiration of said period of two years," a sum equal to 10 per cent. per annum on the par value of the 240 shares, and if, upon the expiration of the period, the defendant failed to pay the said interest, the 60 shares were to become the absolute property of plaintiff. *Held*, that the contract did not raise such an implied obligation on the part of defendant to pay the interest as would enable the plaintiff to maintain an action therefor, without an offer to return the 60 shares on payment of the interest. LANDON, J., dissenting.

Appeal from special term, Washington county.

Action by Francis A. Jewett against Simeon Brownell on an agreement. On demurrer to the complaint, Justice POTTER delivered the following opinion:

"The complaint sets forth a contract between the parties, and is claimed to be the basis of a right to recover the sum of $2,400. The contract set forth in the complaint is peculiar, if not incomprehensible. It is not apparent from its terms just what the intentions and purposes of the parties to it were. The point of the demurrer is that the contract contains no promise, either express or implied, by the defendants to pay plaintiff the sum claimed, or any sum whatever. From the examination of the complaint, and the authorities cited by the counsel, I am inclined to think the demurrer is not well taken. The contract recites that the parties are respectively the owners of a certain number of shares of the stock in two different corporations. The stock of the plaintiff is to be held for a period, and not to be disposed of for less than par by the owner of it, the plaintiff, or by the defendant, who has the power to sell the same, for the period of two years. If the defendant shall sell the same for more than its par value, he is to receive the excess for his compensation, and if he shall sell it for its par value he is to receive no compensation. Another block of stock, sixty shares of the corporation in which the plaintiff is the owner, is given to plaintiff 'as collateral security for the payment of a certain sum of money upon the terms hereinafter set forth.' The contract further sets forth ' that the plaintiff shall be entitled to receive from said de-

fendant, at the expiration of said period of two years, etc., a sum equal to ten per centum per annum upon the amount of the par value of such of said 240 shares as shall be from time to time held by him; and if, upon the expiration of said period, the said defendant shall not have paid to the said plaintiff the said interest, then the sixty shares shall become the absolute property of the plaintiff.' It is elementary law that the plaintiff, in order to recover a moneyed judgment in this action, must establish a promise of defendant, either express or implied, to pay such sum of money. *Kimball* v. *Huntington*, 10 Wend. 680; Chit. Bills, 41, 324, 334. The acknowledgment of indebtedness implies a ' promise to pay,' and so supports an action to recover the debt. The question is, do the provisions and language of the instrument set forth in the complaint, by a fair and reasonable construction, amount to an acknowledgment of indebtedness? If so, a promise to pay will be implied, though not expressed in the instrument. Assuming there is no express promise to pay, is there such an acknowledgment of indebtedness in the instrument that a promise to pay may be implied? Do not these words or expressions in the instrument, viz.: ' Said Jewett shall be entitled to receive from said Brownell, at the expiration,' etc., ' a sum equal to,' etc.; ' and if, upon the expiration of said period, the said Brownell shall not have paid to the said Jewett,   *   *   *   then the said 60 shares shall become the absolute property of said Jewett;' also ' to be held by said Jewett as collateral security for the payment of a certain sum of money,' etc.,—imply an indebtedness as clearly as the words, ' Due A. B., $325, payable on demand,' signed by defendant, or ' Due L. R. or bearer, $200.26, for value received?' The language and the facts of the case in *Elder* v. *Rouse*, 15 Wend. 218, are of similar import and purpose as to security, etc., as in this case, and they were held sufficient to support an action to recover the debt. That case refers to 2 Bac. Abr. 279; Vin. Abr. ' Debt,' K. Pl. 12, G., Pl. 16, 17; *Kimball* v. *Huntington*, 10 Wend. 675; and *Russell* v. *Whipple*, 2 Cow. 536. This language, ' Due L. R. or bearer, $200.26, for value received,' was held to imply a promise, and to support *assumpsit*. *Russell* v. *Whipple*, 2 Cow. 536.

"Where, in a mortgage of personal property, a party acknowledges his indebtedness to another in a sum certain, (and that is deemed certain in law which, by calculation or lapse of time, is made certain,) and declares that for securing the payment thereof he transfers the property specified in the instrument, the creditor, in default of payment, may bring his action, and is not bound in the first instance to resort to the property. He may resort to both remedies successively until he obtains satisfaction of the debt; or, I suggest, where the language of the instrument restricts the creditor to one of two remedies, he has an option which to resort to. I make this suggestion in answer to the defendant's argument that an action to recover the debt does not lie, for the reason that the contract provides a forfeiture in case of default in payment. This case (*Elder* v. *Rouse*) has often been referred to and approved in cases decided subsequently. The court in the opinion distinguishes this case from *Salisbury* v. *Philips*, 10 Johns. 57, cited and relied upon by defendant's counsel. In the latter case the defendant assigned a lease to the plaintiff in apt words, in consideration of a sum of money paid to him. There was a condition that if the defendant paid the amount of the consideration, with interest, the assignment was to be void. There was no acknowledgment in terms of the debt, nor of any promise to repay or to return the consideration. For the same reason the case of *Culver* v. *Sisson*, 3 N. Y. 264, also cited by defendant, is like the case in 10 Johns., *supra*, distinguishable from the case of *Elder* v. *Rouse*, *supra*, and which case is recognized as a sound exposition by the opinion in *Culver* v. *Sisson*. The ground of the decision in *Culver* v. *Sisson* is that the instrument contained no acknowledgment of any debt or promise to pay, as shown by the opinion in the case itself, and the case is so considered in subsequent cases, notably in *Thayer* v. *Marsh*, 11

Hun, 503. This latter case also approves of *Elder* v. *Rouse*, *supra*. I do not conceive that there is or should be any difference in the rule of law applicable to a case where there is an existing debt acknowledged, or where the instrument provides and acknowledges a condition of affairs and events in which there is a contingent liability that a debt shall or may arise. The acknowledgment of a contingent debt answers the same purpose after the debt exists absolutely. The maintainability of the action upon the implied promise depends on whether there is or may be a debt which the defendant ought to pay, or the plaintiff is entitled to have paid, and it can make no difference in principle whether the debt is absolute or contingent, like the liability of a maker or indorser of a promissory note. In order that the demurrer should be sustained, it is necessary that the defendant should satisfy the court that there is no construction of the language and provisions of the instrument set forth in the complaint which acknowledges or imports an indebtedness, absolute or contingent. I am inclined to think, though not free from doubt, that the agreement acknowledges an indebtedness, and, if so, an implied promise to pay follows. Plaintiff should have judgment for the sum of $2,400, with interest from May 1, 1884, with leave to defendant to amend, upon payment of $37 costs and disbursements, within twenty days after the service of a copy of this order."

From the judgment entered defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Westfall & Whitcomb,* for appellant. *John H. McFarland* and *F. W. Betts,* for respondent.

INGALLS, J. The agreement between the parties, which is in writing, is set out in the complaint, and constitutes the basis of the plaintiff's alleged cause of action. Such agreement obviously states so imperfectly the transaction between the parties that it is difficult to comprehend clearly their real intention in regard to the payment by the defendant of the 10 per cent., and the retention by the plaintiff of the 60 shares of stock. We infer that the parties made an exchange of stocks for some purpose which is not disclosed, and the plaintiff agreed not to sell the 240 shares which he received from the defendant at a price below par within two years from the 1st day of January, 1882. The defendant transferred to the plaintiff 60 shares of the same stock, and the agreement provides in relation thereto as follows: "To be held by the said Jewett as collateral security for the payment of a certain sum of money upon the terms hereinafter set forth and declared in respect to the same, which said assignments and transfers said Jewett hereby accepts." The certain sum of money doubtless refers to that which is provided for in the agreement, as follows: "*Third.* Said Jewett shall be entitled to receive at the expiration of said period of two years from the first day of January, 1882, a sum equal to ten per centum per annum upon the amount of the par value of such of said 240 shares as shall be from time to time held by the said Jewett; and if, upon the expiration of said period, the said Brownell shall not have paid to the said Jewett the said interest, then the said sixty shares shall become the absolute property of said Jewett." The plaintiff states in the complaint that he did not within the prescribed period dispose of any part of the 240 shares of stock, and that he had fully and faithfully performed all the covenants and conditions in the said agreement on his part to be performed. The real question upon this appeal is whether the following provision of the agreement: "*Third.* Said Jewett shall be entitled to receive from said Brownell, at the expiration of said period of two years from said first day of January, A. D. 1882, a sum equal to ten per centum per annum upon the amount of the par value of such of said 240 shares as shall be from time to time held by the said Jewett; and if, upon the expiration of said period, the said Brownell shall not have paid to the said Jewett the said interest, then the said 60 shares shall

become the absolute property of said Jewett,"—considered in connection with the other provisions of the agreement,—raises such an implied obligation on the part of the defendant to pay the plaintiff a sum of money equal to 10 per cent. upon the par value of the 240 shares of stock held by the plaintiff as to constitute a cause of action upon which the plaintiff is entitled to recover in this action. In determining this question the entire agreement is to be considered, with the view to ascertain what was the real intention of the parties in regard to the transfer of the said 60 shares of stock, and the undertaking of the defendant to pay a sum equal to 10 per centum per annum upon the amount of the par value of such of said 240 shares as should be from time to time held by the said Jewett. We are satisfied that it was not the intention of the parties to the agreement, nor is it imperative upon the court to hold, that by the terms of the agreement the defendant has absolutely declared himself indebted to the plaintiff in such a sense as that a promise to pay such money should be implied, and an obligation thereby created in favor of the plaintiff against the defendant. It is not even contended by the counsel for the plaintiff that the agreement contains an express promise by defendant to pay any sum whatever, but that such a promise may properly be implied from the terms of the agreement which are as follows: "Said Jewett shall be entitled to receive from said Brownell, at the expiration of said period of two years from the first day of January, 1882, a sum of money," etc.; coupled with the further provision: "And if, upon the expiration of said period, the said Brownell shall not have paid to said Jewett, * * * then the said 60 shares shall become the absolute property of said Jewett." We are convinced that the agreement, fairly construed, contains no such absolute declaration of indebtedness by the defendant to the plaintiff from which the law will imply a promise to pay the money claimed by the plaintiff. "Said Jewett shall be entitled to receive from said Brownell a sum of money." In what manner? According to the terms of the contract, and agreeably to the intention of the parties thereto. Not absolutely upon a confessed indebtedness, which obviously was not contemplated by the parties. We think the arrangement was simply this: The plaintiff was not to sell the 240 shares of stock at less than par within two years, and the defendant, to protect the plaintiff from loss to which he might be subjected by holding the stock, transferred to plaintiff the 60 shares, with the understanding that the defendant should be at liberty to redeem the same by paying the money specified in the contract, and, in case the money should not be paid, the plaintiff was to become the absolute owner of the stock. It became optional with the defendant to pay the money or forfeit the stock, and it seems that he chose the latter. The language employed in the contract declaring such forfeiture could not be more emphatic. "And if upon the expiration of that period the said Brownell shall not have paid to said Jewett the said interest, then the said sixty shares shall become the absolute property of said Jewett." Brownell has not paid, and Jewett retains the stock, and we discover nothing to indicate that Jewett proposes to relinquish the same. In his complaint he does not offer to return the stock to Brownell upon receiving the money claimed by him, nor does he allege therein a willingness to return the same to Brownell, as a part of the statement of his cause of action herein. We think the title to the 60 shares of stock became vested in the plaintiff absolutely. *Bunacleugh* v. *Poolman*, 3 Daly, 236; *Langdon* v. *Buel*, 9 Wend. 80. It would seem to be inequitable and unjust to allow the plaintiff, upon the facts stated in his complaint, to recover the money claimed by him, upon the theory of an implied promise to pay the money, without the allegation of an offer to return the stock upon such payment to the defendant. We do not intend to intimate that even with such additional allegation in the complaint a valid cause of action would be stated. The plaintiff in his complaint demanded judgment for $2,500, with interest from the 1st day of January, 1882. The par value of the stock transferred to the plaintiff amounts

to $3,000, and there is no allegation in the complaint that it is not worth such sum. We think the facts disclosed by the complaint negative the idea that the parties intended or understood that the defendant acknowledged an absolute indebtedness to the plaintiff upon which a recovery could be had as upon promise to pay money. In the absence of an express promise to pay, the declaration of indebtedness should be positive and unequivocal, to form the basis of an implied obligation, and we think this case falls far short of such a declaration. *Culver* v. *Sisson*, 3 N. Y. 264; *Salisbury* v. *Philips*, 10 Johns. 57; *Turk* v. *Ridge*, 41 N. Y. 201; *Weed* v. *Covill*, 14 Barb. 242; *Suffield* v. *Baskervil*, 2 Mod. 36; *Coleman* v. *Van Rensselaer*, 44 How. Pr. 368. The case which we are considering is, we think, distinguishable from that class of cases where there is to be found an express acknowledgment or declaration of indebtedness, as in *Elder* v. *Rouse*, 15 Wend. 218. The judgment should be reversed, with costs, and the demurrer interposed by the defendant sustained, with leave to the plaintiff to amend his complaint within 20 days, upon payment of costs to the defendant.

LEARNED, P. J., concurs. LANDON, J., dissents.