(17 Misc. Rep. 646)

## PATRICK v. UNDERWOOD.

(Supreme Court, Special Term, New York County. July, 1896.)

MORTGAGES—DEFICIENCY ON FORECLOSURE—LIABILITY OF MORTGAGOR.

   One A., as associate and agent of defendant and others, bought land of plaintiff, paid part of the price in cash, and gave notes for the balance, took title to himself, and gave a mortgage to plaintiff to secure the notes. Defendant contributed her share of the cash payment, and acquired a proportionate interest in the land. A. executed a declaration of trust, stating the respective interests of the associates, and that "the same are liable in the same proportion upon the mortgage given to secure the deferred payments." Defendant and her associates caused A. to convey the land to a corporation organized by them, and stock was issued for their

several interests. Afterwards plaintiff foreclosed the mortgage, making defendant a party to the action. On the foreclosure sale a deficiency resulted, for which judgment was entered against A. alone. *Held*, that even if defendant was a party to the mortgage, through the agency of A., she was not liable for the deficiency resulting on the foreclosure, as neither the notes given by A., nor the declaration of trust, was the "separate instrument" of defendant, within 1 Rev. St. p. 738, § 139, providing that when there is no express covenant in the mortgage to pay the debt secured, and no bond or other separate instrument to secure such payment, the remedies of the mortgagee are confined to the mortgaged premises.

Action by Eliza W. Patrick against Theodosia J. Underwood for part of the purchase price of land remaining unpaid after the foreclosure of a mortgage given to secure it. Defendant demurs to the complaint. Sustained.

E. Wakely, for plaintiff.

Samuel F. Jarvis, Jr., for defendant.

PRYOR, J. A demurrer challenges for insufficiency a complaint which alleges that one Allen, as associate and agent of defendant and others, bought land of plaintiff for the price of $510,000; that of this sum $110,000 was paid in cash; that in payment of the residue Allen executed his promissory notes, took title to himself, and gave back a purchase-money mortgage as security for the notes; that defendant contributed her share of the cash payment, and acquired a proportionate interest in the land; that Allen made and delivered a "declaration of trust" acknowledging the respective interests of the associates in the land, and stating that "the same are liable in the same proportion upon the mortgage given to secure the deferred payments upon the said property"; that defendant, with her associates, caused Allen to convey the land to a corporation which they had organized, and for her interest received a proportional part of the stock of the corporation; that upon default in the payment of interest on the mortgage debt, plaintiff procured a judgment of foreclosure; that on the foreclosure sale a deficiency resulted of $101,278.76, for which judgment was entered against Allen; that defendant here was a party defendant in that suit, but no personal judgment was entered against her; and the prayer for relief is that plaintiff recover "the portion of said judgment"—of deficiency—"for which defendant is liable," namely, $38,705.21. That the defendant was a purchaser of the land, and that the mortgage was made on her behalf to secure payment for her interest, is an express allegation of the complaint, and, indeed, is a fundamental fact in plaintiff's case. Hence it was that defendant was made a party in the foreclosure suit, and hence this action to recover of her a proportion of the deficiency on the foreclosure sale. In legal effect, then, the action is by vendor against vendee for so much of the purchase price of land as remains unpaid after foreclosure of a mortgage to secure it. But, by positive provision of statute, "no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured; and where there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such pay-

ment, the remedies of the mortgagee are confined to the lands mentioned in the mortgage." 1 Rev. St. p. 738, § 139. This enactment, being a remedial regulation, is the law of the forum, and determines plaintiff's right of recovery.

Conceding defendant a party to the mortgage through the agency of Allen, still upon the complaint it is not apparent that the mortgage contains an express covenant for payment of the money, and none can be interpolated by construction of the pleading. Clark v. Dillon, 97 N. Y. 370. Nor was Allen's note such "separate instrument" as imposes upon the defendant a personal obligation for the price of the land. It is not her promissory note, and "a person not a party" to negotiable paper "cannot be charged upon proof that the ostensible party signed or indorsed as his agent." Briggs v. Partridge, 64 N. Y. 357, 363; Tuthill v. Wilson, 90 N. Y. 423. Neither is the declaration of trust by Allen the "separate instrument" of defendant, nor a security from her to the plaintiff for the price of the land. Indeed, the learned counsel for plaintiff asserts no express engagement by defendant for the mortgage debt, and in the absence of such obligation the plaintiff can have recourse only to the land. Mack v. Austin, 95 N. Y. 513; Gaylord v. Knapp, 15 Hun, 87; Hone v. Fisher, 2 Barb. Ch. 559; Severance v. Griffith, 2 Lans. 38; Coleman v. Van Rensselaer, 44 How. Prac. 368; Vrooman v. Dunlap, 30 Barb. 202. Upon the facts of the complaint the inference is obvious that the plaintiff sold the land on the personal responsibility of Allen and the mortgage security, and, these failing her, she cannot recur to the defendant, especially after pursuing Allen to judgment. Apart, then, from the statutory obstacle to her suit, she shows no right of recovery. Williams v. Gillies, 75 N. Y. 197; Tuthill v. Wilson, 90 N. Y. 423; Patterson v. Brewster, 4 Edw. Ch. 352, 355; Coleman v. Bank, 53 N. Y. 388. And such is the justice of the case between the parties. The plaintiff has now the cash payment of $110,000, and the price of the land on foreclosure. For the deficiency she has a judgment against Allen, and rightfully, too, because he expressly agreed to pay the purchase money. Why should she fasten on the defendant a liability for which she did not stipulate, and which defendant did not assume? In any aspect, the complaint is untenable.

Demurrer sustained, with leave to amend.