Green, J.
delivered the opinion of the court.
From the evidence in this cause, it is apparent that the parties labored under no uncertainty as to where the true line was, as called for in Lytle’s deed. The only uncertainty was, whether the distance called for in the deed running north, would arrive at that line. It was "an agreement in fact, on the part of Lytle, to give Nichol whatever land should be found to be included in the lines of his deed, as they had been marked and designated, over and above the two hundred and one-fourth acres called for; and on the part of Nichol, to give Lytle so much land as said lines might fall short of making that number of acres. They seem to have been under the *458 impression that Lytle was entitled to two hundred tod one-fourth acres, whether that amount was included in his marked lines or not, and that he was entitled to no more, though a larger numher’should he found to be thus included. In this they were mistaken: Lytle was entitled to all the lands included in the lines of his deed.— The court was therefore right in telling the jury that this contract was within the statute of frauds. If Lytle would not have been hound by a • parol agreement to sell his land to Nichol, shall he be hound by such agreement to give it away without consideration ? Surely not. 3 Ran. Rep.
Where there is doubt as to the' true- locality of a line1, the verbal agreement of adjoining claimants, and thei-r acts in pursuance thereof, fixing upon one, is evidence that the line so agreed upon, is the true boundary, especially if long acquiesced in. 3 Stark. 1030: Houston vs. Davidson, 1 Yerg. Rep.' In this case no such doubt existed, and it cannot fall within that rule.
Judgment affirmed.