All the judges concurring for affirmance, except GROVER, MASON and LOTT, JJ., who did not vote.

Judgment affirmed.

---

LEVI REED, Respondent, v. MATTHEW McCOURT, Appellant.

Recitals, in an instrument, are evidence against the party executing it, but, when immaterial to the instrument, or when the action is not founded on the instrument, but is wholly collateral to it, the recitals work no estoppel.

Accordingly, where, in an action of ejectment arising upon a disputed boundary, it appears that, at the time the defendant purchased, the plaintiff, as surety for, and with the defendant's grantor, executed a bond, indemnifying the defendant, against a certain mortgage, in which bond it was recited that such grantor had that day conveyed the premises theretofore

by him (the grantor) occupied, *being the premises conveyed to such grantor,
by J. R.* (the common source of title),—*Held,* that, although the grantor
did, at that time, in fact *occupy.* up to the line claimed by the
defendant, yet, the plaintiff was not estopped, by such recital, from deny-
ing that to be the true line.

A parol assent by one of them, as to the location of a boundary fence between
adjoining owners, and the actual erection of the fence by the other, in accor-
dance with such assent, followed by mutual occupation and acquiescence
in·such location of the boundary for a few months, is not sufficient to
change the true line, or to preclude the assenting party from asserting his
rights, in accordance with such true line.

Such assent is, at most, but a license, so as to prevent an action of trespass
until revoked. (JAMES, J.)

Mutual consent to the location of a boundary, theretofore in dispute, followed
by long acquiescence and by mutual occupation in conformity therewith,
has been held to conclude both parties, but such acquiescence must have
continued for a long period, scarcely less than twenty years. (WOODRUFF, J.)

(Cause argued October 7th, 1869, and decided December 22d, 1869.)

APPEAL from the General Term of the Supreme Court, in
the fourth district.

This was an action of ejectment, tried before the court
without a jury; it was to recover a strip of land, sixty-five
chains long, east and west; thirty-two feet wide at the east
end, and forty-six feet at the west end.

The court found, that the plaintiff was the owner in fee,
and entitled to the possession of a strip twenty-three chains
forty-four links in length, off the west end of the premises
described in the complaint, and of a strip seven chains
eighty-four links off the east end.  •

Judgment was entered in favor of the plaintiff for said two
pieces of land, and on appeal, it was affirmed by the General
Term.    The facts are sufficiently stated in the opinion of the
court.

*Clifford A. Hand,* for appellant.

*Samuel Hand,* for respondent.

JAMES, J.    The evidence, respecting the line between these
parties, was somewhat conflicting, but the preponderance was
clearly with the plaintiff, not only as to those parts of the

land claimed, which he did recover, but as to that portion which he did not.

However that may be, the court having found in favor of the plaintiff on the facts, and the judgment, on that finding, having been affirmed, this court cannot review the finding. In fact, as there was no motion for a nonsuit, there is no question arising on the evidence before us.

Both parties derived title from one Jonas Reed; the defendant through one Edwin Reed, whose deed from Jonas was delivered in 1843; the plaintiff by deed from Jonas, delivered in 1844. The deed to Edwin was bounded on the north by land "owned and occupied" by plaintiff; and to show that plaintiff, in 1843, owned as well as occupied land on the north of the land described in Edwin's said deed, he offered, and was permitted to prove by parol, that he held a written contract for the purchase of the premises described, for some years previous to 1844, and that his deed was received in pursuance of said contract. This evidence was objected to for several reasons, and forms one of the exceptions on this appeal.

The existence of such a contract, at the time of the execution and delivery of the plaintiff's deed, was clearly proved; it was, also, sufficiently shown, that the contract was produced and delivered to plaintiff's grantor, to enable him to obtain the description therefrom for this deed. All this, it was admissible to show by parol, whether the contract was or was not lost. To establish that the contract had been lost or destroyed, it was shown that it was not in plaintiff's possession or custody; that he did not know where it was; that he last saw it when delivered to his grantor, at the time his deed was made, in 1844; that said grantor was now deceased, and a search had been made among his papers without success; and that a son of the vendor, with whom he lived, and, also, his widow, had made search, and they could not find the contract. This proof, in connection with the fact that the contract had no value or importance to the parties thereto, was ample to admit parol proof of its contents. (*Jackson* v. *Root,* 18 J. R., 60; *Leland* v. *Cameron,* 31 N. Y., 120.)

The evidence of the existence of an executory contract between plaintiff and his grantor, prior to the deed, and proof of its contents was properly admitted; that evidence and proof showed an equitable ownership of the land in dispute, which, together with possession at the time, fixed the northern boundary of the land conveyed by the deed of 1843, under which the defendant claims.

At the time the defendant purchased this lot of Edwin Reed, there was a loan mortgage outstanding on the south half of lot No. 20, and on a part of the north part of lot No. 6; the lot conveyed to defendant was the south part of lot No. 6. To protect defendant against said mortgage, in case it covered any of the land conveyed by Edwin Reed to defendant, said Edwin gave to said defendant a bond of indemnity, with two sureties, one of whom was the plaintiff. Said bond commenced with a recital as follows: "Whereas, I, Edwin Reed, of, &c., have this day conveyed by warranty deed to Matthew McComb, all that certain farm and piece of land situate in Moriah aforesaid, *which I have heretofore occupied,* being a part of lot No. 6, in the Iron Ore Tract, and being the same piece conveyed to me by Jonas Reed by warranty deed, dated April 10, 1843," &c. It was shown on the trial, that at the date of this instrument, and for some time prior, the said Edwin had occupied the whole of the land in dispute in this action; and it is claimed that the words in the recital "which I have heretofore occupied," estops the plaintiff, the surety therein, from claiming the land.

An estoppel may arise from matters of record, by deed, or *in pais.* It is a preclusion in law, from alleging a fact in consequence of some previous act, &c. Recitals in an instrument are evidence against the party making them, but when immaterial to the instrument, or when the action is not founded on the instrument, but is wholly collateral to it, the recitals work no estoppel. (*Champlain, &c.,* v. *Valentine,* 19 Barb., 484–88.) This question, on almost similar facts, was before the Court of Exchequer, in *Carpenter* v. *Butler* (8 Mees. & Welsb., 209), where it was held that "a party to

an instrument is not estopped in an action by the other party, not founded on the deed, and wholly collateral to it, to dispute the facts recited, although the recital would be evidence." In the case under consideration, the recital was only that of the principal, it was wholly immaterial to the object and purpose of the bond. The purpose and the intent was security against an outstanding mortgage, which it was feared might prove an incumbrance on the land conveyed to the defendant. It is sometimes said that estoppels are odious, and if such an unnecessary and immaterial recital as this, inserted in a bond of indemnity, could be tortured into an estoppel against a surety, the term would but feebly express the contempt which ought to exist against the rule.

It was also insisted that " if the court rejects the deed from Jonas to Edwin Reed, it was error." As the case does not show that the court did reject the deed, there is nothing on which error can be predicated.

On the trial, the defendant offered to show that when the parties were on the disputed premises, the plaintiff offered to have the fence between them put in a certain place pointed out by him, which defendant did not then agree to; but afterward plaintiff told defendant to put it there, and he did so. This was objected to and excluded, and defendant excepted. This offer was clearly inadmissible in an action involving the title to land. Had the action been trespass for erecting the fence, the evidence would have been admissible to show a parol license. The question in dispute in this action was the title to the *locus in quo,* and not to establish a license or permissive right of occupation. The evidence offered did not amount to a parol admission of title. It was, therefore, wholly incompetent and properly excluded.

The judgment should be affirmed.

WOODRUFF, J. The findings of the judge at Special Term, construed by the light of the conveyances in evidence, must be regarded as establishing as a matter of fact, that the sale by Jonas Reed to the plaintiff, and Milton Reed, included all

of the land in dispute in this action. But that by reason of long continued possession or occupancy, an ancient fence in the central portion thereof had come to be the actual and rightful dividing line for about thirty-three chains in such center. And so the judge found the respective ownerships to be separated no longer by a straight line; but by a line deviating from the line indicated by the contract of sale, and the deed given in pursuance thereof. As the plaintiff does not appeal, it is unnecessary to inquire whether the judge was or was not correct in giving to the defendant a portion of the disputed land up to the ancient fence referred to, or not.

As to the actual boundary of the land sold to the plaintiff and Milton Reed, there was evidence, and to my mind, satisfactory evidence, in support of his finding. The testimony of the surveyor, Mr. Arnold, is very pointedly in support of that finding.

As a question of fact upon the evidence, this point is therefore not open for discussion of this appeal.

Unless, therefore, his conclusion was reached in violation of some rule of law, either in admitting or rejecting evidence, or in the construction and effect of the instruments of title, the judgment should be affirmed.

And this is so, however conclusively it is shown, that the original proper division line was a straight line, for the defendant cannot complain that the plaintiff has recovered less than the establishment of a straight line would give him.

As to the reception of the evidence of the contract for the sale by Jonas Reed to the plaintiff, there was no error. The proof of its loss was abundant, and the evidence left it doubtful whether it had a subscribing witness. More than twenty years had elapsed since it had been seen. It would be manifest injustice to require a party to do what was impossible. The instrument itself could not be found. The person in whose possession it was last seen was dead. No inspection of it could, therefore, be had, to determine whether there was a subscribing witness or not, and there appeared no means of

ascertaining who such witness was, if the contract was attested by any witness.

I think the appellant's counsel is right in saying that he was entitled to a ruling upon the admission or rejection of the deed to his grantor, and if it was at all doubtful whether the deed was in truth received in evidence, it would furnish a question of some importance; but it is clear, from the finding of the judge, that he sustained the appellant's title to all that he deemed that deed to convey, and to that land lying in the center of the disputed location already adverted to.

As to the evidence of a parol location of fences at the westerly end of the land in dispute, it is undoubtedly true that mutual consent to the location of a boundary theretofore in dispute, followed by long acquiescence and by mutual occupation in conformity with, has been held to conclude both parties. But the general rule is, that mere parol is not sufficient to pass the title to land.

The opinion delivered in *Baldwin* v. *Brown* (16 N. Y., 363), shows that something more than agreement and possession according to it for a few years, is necessary to confer title or create an estoppel. In *Jackson* v. *Douglass* (8 Ill., 367), eight years was held not sufficient; *Kip* v *Norton* (12 Wend., 127), four or five years; *Adams* v. *Haskell* (16 Wend., 285), eleven years also held insufficient. In *Stuyvesant* v. *Dunham* (9 Ill., 61), merely acting on the agreement is held not enough to change the true time. Justice SELDEN says: "In all cases in which practical locations have been confirmed upon evidence of this kind, the acquiescence has continued for a long period, rarely less than twenty years." Here the conversation offered in evidence was less than three years before the trial, and one year before the action was brought, and the building of the fence was " *after* " the conversation; how many months before suit brought is not shown. The evidence was properly rejected.

The only other point, which it seems to me material to notice, is that founded upon the terms of the deed to Edwin Reed, which bounds the defendant's premises, "north on lands owned and occupied by Levi Reed."

The defendant has actually, by the judgment herein, retained all the land south of the fence which separated the land occupied by Jordan from the other part of lot No. 6, and there is no pretence that the line of Edwin Reed was further north than that.

As to the residue of the disputed boundary, there was no fence, and upon a finding of fact that the actual ownership was in accordance with the line established by the court, the terms owned and occupied by Levi Reed were properly held to import the lands, which, by virtue of the contract, did in equity belong to him, and as to which, in the absence of proof of other actual possession in connection with proof of actual occupation of the farm, generally draws to it the possession as matter both of law and evidence.

I think the judgment should be affirmed.

All concurring, except GROVER, J., who did not vote.

Judgment affirmed.