HENRY SEVERANCE, Appellant, *v.* SYLVANUS B. GRIFFITH et al., Respondents.

(GENERAL TERM, EIGHTH DISTRICT, FEBRUARY, 1870.)

The assignment, of a mortgage given without bond, or other extrinsic written evidence of the debt secured, and containing no express covenant to pay, transfers to the assignee all the mortgagee's claim under the mortgage, viz.: His remedy against the land.

A complaint for foreclosure, set forth such a mortgage, expressed as security for payment of a sum of money in installments, and averred that it had been given to secure a part of the price of the mortgaged premises, and assigned to plaintiff.—*Held*, on demurrer, to show plaintiff to be owner of the mortgage debt.

APPEAL from an order of Special Term sustaining a demurrer by some of the defendants to the complaint in an action to foreclose a mortgage. It was alleged in the complaint that the defendants, Griffith and Thomas Young, were indebted to Seward B. Clark in the sum of $2,000, being for a part of the purchase price of lands, &c.; that for the purpose of securing the payment to Clark of the $2,000 and interest, on or about March 19, 1863, they executed to Clark their mortgage, which contained the conditions, covenant and words and figures as follows, viz.: "This grant is intended as a security for the payment of the sum of $2,000, to be paid as follows: $500, with interest on the whole sum, to be paid in one year from the date of these presents." The times for the payment of other sums, and interest, were then stated. The recording of the mortgage was stated, and the description of the lands conveyed by the mortgage was set forth.

The usual power of sale in case of default was also alleged. It was then alleged that Seward B. Clark, on the 24th day of March, 1863, by an instrument in writing, sold, assigned and transferred the said mortgage to one Simmons, and on the 8th day of March, 1869, Simmons executed an assignment of the mortgage to Henry Severance, the plaintiff. The recording of the assignments was alleged; also, a failure

to comply with the condition of the mortgage by omitting to pay, &c.; that no proceeding had been had at law, or otherwise for the recovery of the said sum secured by the said mortgage, or any part thereof, &c.

The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action in this; that it did not appear by the complaint that the plaintiff was the owner or holder of the claim or indebtedness to secure which the said mortgage was given, or that any transfer of such claim or indebtedness was ever made to the plaintiff.

*C. D. Murray*, for the plaintiff, cited *Day* v. *Perkins* (2 Sand. Ch. R., 359).

*M. A. Whitney*, for the defendant demurring, cited *Green* v. *Hart* (1 John. R., 580); *Jackson* v. *Willard* (4 J. R., 43); *Jackson* v. *Blodget* (5 Cowen, 202); *Wilson* v. *Troup* (2 Cowen, 231); *Jackson* v. *Bronson* (19 J. R., 325).

Present—MARVIN, DANIELS and SMITH, JJ.

By the Court—MARVIN, P. J.   The authorities cited by the counsel for the defendants, fully sustain the position that the assignment of a mortgage, leaving the debt evidenced by a written obligation to pay, to secure the payment of which the mortgage was given, unassigned, is a nullity.   In other words, the debt being the principal and the mortgage the incident, they cannot be separated, and the *incident* preserved in the absence of the principal.

But have these cases any application to the present case? In this case there was no bond or other written obligation to pay the debt of $2,000, to secure the payment of which the mortgage was given.

It is alleged in the complaint that Griffith and Young were indebted to Clark in the sum of $2,000, being for a part of the purchase price of lands hereinafter described, referring to

the description of the lands in the mortgage. We are not authorized, from this language, to infer any bond or other written obligation to pay the debt. The only written instrument securing the payment of the debt, or evidencing it, was the mortgage; and that does not contain any express covenant to pay. The times when and sums to be paid are specified. This is a case to which the statute applies. "No mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured; and when there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument, to secure such payment, shall have been given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage." (1 R. S., 738, § 139.)

Clark, the mortgagee, in transferring the mortgage, parted with all the claim he had against Griffith and Young. He had no remedy against them personally; the remedies he had were against the lands mortgaged, and these passed to his assignee. (See *Hone* v. *Fisher*, 2 Barb. ch. R., 560.) It does not appear that the attention of the Special Term was directed to the statute, nor was it referred to upon the argument at the General Term.

The complaint stated all the facts, and they, in my opinion, constitute a good cause of action in the plaintiff. The judgment or order of the Special Term must be reversed, and there must be judgment for the plaintiff upon the demurrer, with leave to the defendants to withdraw the demurrer and answer on payment of costs.

Order *reversed.*