CHRISTINA A. CARYL v. CHAUNCEY P. WILLIAMS and others.

(SPECIAL TERM, SCHOHARIE COUNTY, FEBRUARY, 1873.)

The execution and delivery of a mortgage in payment of a note is a suffi-
cient consideration to support an agreement to discharge the note.

An assignment of the mortgage, so received, transfers the title to the mort-
gage debt.

Where the mortgage was given by a married woman on her separate
estate in payment of her husband's note,—*Held*, that it was admissible
to show the consideration of the note to have been money borrowed for
her, and employed in improving the mortgaged property.

An answer in foreclosure, alleging the invalidity of the mortgage in suit,
and title to the premises under a subsequent mortgage, is not a counter-
claim, but an equitable defence.

An answer in an action to foreclose a mortgage, that it is of no binding
effect and no lien upon the premises described in the complaint, is a
statement of a conclusion unsupported by facts, and unavailing.

THIS is an action to foreclose a mortgage held by the plain-
tiff as the assignee thereof.

*W. C. Lamont & W. H. Young*, for the plaintiff.

*H. S. McCall & H. Krum*, for the defendant.

INGALLS, J.    In the month of November, 1867, the defend-
ant, Christopher Hetzel, borrowed of W. C. Lamont $600
without giving any security therefor at the time.    Subse-
quently, and in June, 1868, he executed a note for the money,
which was also signed by John C. Caryl as surety, payable
to said Lamont, who transferred the same to Jerome Kromer.
On the 16th day of December, 1868, a mortgage was exe-
cuted by Maria Hetzel and Christopher Hetzel to said
Kromer to secure the payment of $621.15, being the amount
originally loaned by said Lamont, with the interest thereon.
The land embraced in such mortgage was the separate pro-
perty of said Maria Hetzel, who is the wife of said Christo-
pher.    The mortgage was, on the 28th day of January, 1869,
assigned by said Jerome Kromer to the plaintiff, who now

asserts the same.   The defendant, Williams, claims title to a portion of the premises described in said mortgage, acquired under and by virtue of the foreclosure of certain mortgages executed subsequent to the mortgage in suit.   And Williams claims that the plaintiff's mortgage is ineffectual as a lien, as against the title acquired by him as aforesaid.   The evidence shows that the money procured from Lamont was expended by Christopher Hetzel, as the agent of his said wife, in constructing a mill upon the mortgaged premises, and in payment of taxes assessed upon said premises.   That said Christopher was the agent of his said wife in managing her property, and so represented himself to said Lamont when the money was loaned of him ; and also disclosed to said Lamont the purpose to which the money was to be devoted, viz., the erection of said mill.   That at the time the mortgage was executed by Mrs. Hetzel, the purpose for which it was given was explained to and understood by her, and she executed the same for the purpose of satisfying the note executed to said Lamont.   She recognized the debt as her own to pay, because the money was loaned for the purpose of improving her individual property, and devoted to that purpose by her husband, as her agent, and with her knowledge and consent. The note was satisfied by the execution of the mortgage. Such was clearly the understanding and intention of the parties, and the note would have been surrendered or c&nceled but for the fact that the same was lost.   The mortgage was a new and superior security, and, hence, constituted a sufficient consideration for the agreement to discharge the note.   (*Rice* v. *Dewey*, 54 Barb., 472.)   The assignment of the mortgage to the plaintiff transferred to and vested in her the ownership thereof.   (*Hone* v. *Fisher*, 2 Barb. Ch. R., 560 ; *Severance* v. *Griffith*, 2 Lans., 38.)   Parol evidence was properly received to show the consideration of the mortgage, and the reason why Maria Hetzel created a lien upon her separate property to satisfy the note.   In investigating a subject of the nature involved in this controversy, and where conflicting equities are sought to be established, great latitude of exami-

nation is to be tolerated, especially so where the intention of the parties constitutes an important subject of inquiry. It is quite apparent that the note was referred to in the mortgage with a view to show the consideration of the mortgage, and not for the purpose of keeping the note in life. The defendant's counsel insisted, upon the trial, that the answer contained a counter-claim, to which no reply had been interposed, and, therefore, the defendant was entitled to judgment. There are two answers to this proposition: First. The facts alleged do not amount strictly to a counter-claim which calls for a reply. The portion of the answer which the defendant claims to be a counter-claim amounts simply to an equitable defence, and, therefore, no reply was required. (*Bates* v. *Rosekrans*, 37 N. Y., 409; *Agate* v. *King*, 17 Abb., 159; *Vassear* v. *Livingston*, 13 N. Y., 249.) Second. If it should be assumed that the answer amounted to a counter-claim, and therefore a reply was necessary, the only effect of the omission to reply would be to admit the facts alleged, and if such facts, thus admitted, did not amount to a defence, the defendant would not be entitled to judgment. I am of opinion that the facts alleged do not constitute a defence to the action. (*Van Valen* v. *Lapham*, 13 How., 240.)

The following allegation contained in the answer, " This defendant is informed and believes that the mortgage set forth in the complaint was of no binding force and effect, and no lien upon the farm and premises described in the complaint herein," amounts simply to the statement of a conclusion, without facts to support it, and is therefore unavailing to the defendant. The plaintiff must have judgment.