ANN J. BOYLSTON, Respondent, v. ANDREW S. WHEELER, Appellant.

*Code, § 449 — determination of claims to real property — what must be proved in action for, brought under the Code.*

The action to compel the determination of claims to real property, authorized under section 449 of the Code, is not a substitute for proceedings under the Revised Statutes, and the right to institute those proceedings is left unimpaired and in full force. The remedy by action is an additional or cumulative remedy, to be adopted by a party at his election.

*Burnham* v. *Onderdonk* (41 N. Y., 425) followed.

The complaint in this action alleged that the defendant claimed title to the premises in question for a term exceeding ten years, which allegation was denied by the answer. Upon the trial of the action the plaintiff introduced in evidence a notice, addressed to her, purporting to be signed by the defendant, stating that he held a certificate of sale for non-payment of the regular water rates upon the premises in question, and requiring the plaintiff to redeem the same within the time allowed by law, or that the sale would become absolute. No evidence was given to prove the genuineness of the notice, except that one of plaintiff's witnesses testified that the paper appeared to be from the defendant's place of business, and that he presumed that it came from his office. *Held,* that this evidence was insufficient to prove that defendant claimed any title to the premises.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was commenced by summons and complaint, for the determination of an alleged claim or claims by the defendant to an estate for a term of years in certain real estate, in the city of Brooklyn, alleged to be owned by, and in the actual occupation of, the plaintiff. Upon the trial, the plaintiff, to prove that she had been in the actual possession of the premises for the three years preceding the commencement of the action, introduced in evidence two judgments of this court, entered on the 9th of March and the 7th of May, 1872, in her favor, against the defendant, with reference to the same premises, the first of the judgments embracing a portion, and the second the remainder, of the lands described in the complaint in this action. The title and source of title alleged by the

plaintiff in this action, are the same as those set up and adjudged in the said former actions.

Other facts are stated in the opinion.

*A. H. & W. E. Osborn*, for the appellant.

*D. P. Barnard*, for the respondent.

TALCOTT, J. :

This is an action commenced under section 449 of the Code, to compel the determination of claims to real property. It is settled, as we understand it, that such an action is not a substitute for proceedings under the Revised Statutes, but that the right to institute those proceedings is left unimpaired and in full force, and that the remedy by action is another and additional or cumulative remedy, to be adopted by a party at his election. * When a party avails himself of the right to commence an action in such a case, the forms of proceeding under the Revised Statutes are no longer to be regarded, and in no respect control the forms of pleading or the proceedings in the action, but the action is governed by the rules applicable to other actions. The plaintiff must aver and prove his cause of action, as in other cases. And all allegations essential to the cause of action are traversable, and may be put in issue by the pleadings. † We have so held in the case of *Haynes* v. *Onderdonk*, decided at the present term of the court. It is unquestionably essential to the maintenance of such an action that the plaintiff should allege and prove, if the allegation is denied, that the defendant unjustly claims title to the premises in question, in fee, for life, or for a period exceeding ten years. Accordingly, the complaint in this action alleges that the defendant unjustly claims an estate in the premises described, for a term exceeding ten years. By the provisions of the Code, an answer may contain a general or specific denial of each material allegation in the complaint. Such a denial is contained in the answer in this case, for, by it, the defendant, amongst other things, denies each and every allegation in the complaint contained. This, upon the prin-

* Burnham v. Onderdonk, 41 N. Y., 425.
† Peck v. Brown, 26 How., 350; Austin v. Goodrich, 49 N. Y., 266.

ciples governing actions, threw upon the plaintiff the *onus* of establishing that the defendant made some claim to an estate in the premises, or some part thereof, for a term exceeding ten years. Was such proof made? Clearly not. The plaintiff introduced sundry papers referring to different portions of the premises, of which the case contains a specimen, showing the form of each. It is as follows:

" BROOKLYN, *Oct.* 17, 1872.

" Please take notice that I hold certificate of sale for non-payment of regular water rates, for 1869, upon property on the south side of Flushing avenue, between Nostrand and Marcy avenues. Recorded in the office of the Nassau Water Department, in Register 8, Nos. 2502, 2504 and 2505.

" You are required to redeem the same within the time allowed by law, or the sale will become absolute.

" A. S. WHEELER, Purchaser.

" 377 Fulton street, directly opposite the City Hall, room No. 5. Office hours, 9 to 12 A. M.

" To Mrs. A. J. BOYLSTON."

Waiving the question whether this notice, if shown to have been given by the defendant, would prove the fact that the defendant did claim thereby any estate in the premises described, or any part thereof, in fee, for life, or for a term not less than ten years, it seems to be clear that there was no sufficient evidence that the defendant ever gave such notice or had any knowledge of it. This paper, if it is to be the foundation and cause of an action against the defendant, especially to charge him with setting up an illegal and unjustifiable claim to the estate of another party, should be proved to have emanated from the defendant, by at least as strong evidence as would be sufficient to charge the defendant, if the paper in question was claimed to be the promissory note or other contract of the defendant. No such evidence was given. No attempt was made to prove the genuineness of the notice. All that the witness was enabled to testify on the subject was, that the papers appeared to be papers from the defendant's place of business, and that he presumed that they came from the office of the defendant. This testimony, or its equivalent, might have been truth-

fully given by any of the bystanders, who had never before seen or heard of the defendant, and upon a simple inspection of the paper. When we consider that this is not a proceeding under the Revised Statutes, where the defendant could not be barred of any title or claim, except it fell precisely within the statutory description of the estate, which it is necessary the defendant should claim, in order to authorize the proceedings, and where, as stated by Justice Woodruff in *Burnham* v. *Onderdonk*, * if the estate claimed did not fall within the description, the proceeding would be innocuous; but that the judgment sought in this action is the judgment of a court of general jurisdiction, to take cognizance not only of adverse claims to real estate, but of clouds upon, and other embarrassments affecting the title to lands, and that the parties to the action are conclusively bound by the judgment until it is reversed, we cannot but feel the propriety and necessity, in regard not only to pleading, but evidence, of adhering to the well settled rules applicable to actions at law; and we are of the opinion that the plaintiff gave no evidence that the defendant made any claim to an estate in fee, or for life, or for a term not less than ten years, in the premises in question, sufficient to put defendant upon proof of his title; and that the exception of the defendant on that ground was well taken. We do not see what the former judgments had to do with this case, except as they established the title and possession of the plaintiff, at the time of the recovery thereof. If it be true, that the claim of title by the defendant is the same claim of title litigated in the former suits, as to which the case is not precisely intelligible to us, it would seem to be clear that no other action can be maintained against the defendant for the same cause. As to the cause of action upon which the former recovery was had, *transit in rem judicatem*. And there seems to be no reason why the general rule, that no party should be twice vexed by action at law for the same cause, should not apply to the cause of action claimed by the plaintiff, as well as any other. Entertaining the foregoing views, which render a new trial in this case unavoidable; learning from the briefs of the counsel that the former actions between these parties are pending and undetermined in the Court of Appeals; in view of the probability of their

* 41 N. Y., 425.

determination by the court of last resort, before a new trial in this action will take place, we avoid the discussion of the question whether the purchase of property at a tax sale, and the holding merely of the scrip therefor and giving the usual notice to redeem, is such a claim of an estate as is actionable under the law. The judgment is reversed and a new trial ordered, costs to abide the event.

Present — BARNARD, P. J., and TALCOTT, J.

Judgment reversed and new trial ordered, costs to abide event.