CALVIN H. GAYLORD, as EXECUTOR, ETC., OF RICHARD KNAPP, DECEASED, APPELLANT, *v.* ASA KNAPP. RESPONDENT.

1 *R. S.*, 738, § 139 — *remedy of mortgagee when no bond is given — vendor's lien— how discharged.*

Under the provisions of 1 Revised Statutes, 738, section 139, where a mortgage is given to secure the payment of a sum of money, there being no pre-existing debt, the mortgagee's remedies are confined to the land mentioned in the mortgage, unless he has inserted therein an express covenant for its payment, or taken a bond or other separate instrument to secure the same.

*Semble,* that a different rule might prevail where the mortgage was given as collateral to a pre-existing debt.

A vendor's equitable lien for the purchase-money is destroyed by taking back a purchase-money mortgage.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover a deficiency arising upon a sale had on the foreclosure of a mortgage.

The referee found " that on or about the 7th day of April, 1870, the defendant in this action purchased of Richard Knapp, deceased, who then and there sold and conveyed to said defendant the premises in the complaint in this action described, for the price of $5,500, to secure the payment of which, the said defendant gave to said Richard Knapp a mortgage as in the complaint in this action set forth.

" That said mortgage contained no express covenant for the payment of said sum of money, or any part thereof, and said defendant did not then, or at any time execute or deliver to said Richard Knapp, any bond or other separate instrument to secure the payment of said sum of money, or any part thereof; nor has he in any manner expressly promised to pay the same, or any part thereof, except by or through said mortgage; nor does any implication of such promise arise from the transaction between the defendant and said Richard Knapp.

" That said mortgage, after stating in the conditions thereof the time and manner of payment of said sum of money, proceeds as

88 GAYLORD *v.* KNAPP.

follows : ' According to the condition of a bond this day exe-cuted and delivered by the said Asa Knapp to the said Richard Knapp, the said party of the second part.'

" That said mortgage was foreclosed, and the mortgaged premises sold on such foreclosure to the defendant, at and for the sum in the complaint in this action set forth," and directed judgment in favor of defendant.

*W. H. Hecox*, for the appellant. The defendant having agreed to pay that sum for the land is liable therefor. The debt is the principal, and the mortgage but a collateral security for the debt. (*Hill* v. *Beebe*, 13 N. Y., 556, 567; 13 Vesey, 204; *Cox* v. *Wheeler*, 7 Paige, 252; 2 Gallison, 154; 4 Kent's Com., 182.) Vol. 1 of Revised Statutes, 738, § 139, does not apply to· the case. (*Culver* v. *Sisson*, 3 N. Y., 265; *Lansing* v. *Goelet*, 9 Cow., 355, 356, 368, 379, 384, 390.) That confines the remedies of the mortgagee under the mortgage to the lands pledged as collateral security for the debt. The defendant was estopped by the recital in the mortgage from denying that he gave a bond. (4 Kent's Com., 261, note b; 9 Wend., 209; 4 Den., 480; 4 Cranch C. C. R., 81; 41 N. Y., 435 ; 14 Abb. [N. S.], 38; *Lee* v. *Clark*, 1 Hill, 56; 2 Best on Ev., § 542; 4 Cal., 247; 3 Mo., 529; 3 Wash. on Real Prop., § 25, pp. 93, 96; 11 How. [U. S.], 325; Herman's Law of Estoppel, pp. 231, 252, 256, 258; 18 Barb., 14, 203.) An equitable lien in favor of the estate of the testator exists on the farm sold by him to his son, the defend-ant, and can be enforced by his executor. (*Smith* v. *Smith*, 9 Abb. [N. S.], 422; *Vide*, 2 Story Eq. Ju., §§ 1218, 1219, 1220, 1226, 1227.) The lien was not released by vendor's taking the mortgage on the same property. (Story's Eq., § 1226; *In Re Bryan*, 3 Bankrupt R., 110; *In Re Bryan*, 4 id., 787.)

*A. McDowell*, for the respondent. The recital appears in the mortgage, but the mortgage is just as perfect without as with the recital ; and as the action is not based upon the mortgage, defend-ant is not estopped from denying it. (19 Barb., 488; *Reed* v. *McCount*, 41 N. Y., 438, 439; 6 N. Y. Weekly Digest, 107; 5 Sel-den, 529; 22 N. Y., 37; 16 id., 343; 64 id., 457; 4 Seld., 416.)

LEARNED, P. J. :

The referee finds that there was no bond executed with the mortgage. That finding is sustained by the evidence. No bond was found among the papers of the testator. The mortgage was found, and the bond would probably have been with it. There was evidence given that no bond had been executed. The recital in the mortgage of the existence of the bond is evidence of that fact. But it is not conclusive. The mortgage is valid, although there was no bond. And it is not necessary, therefore, to the validity of the mortgage, that the mortgagor should be estopped from denying the existence of the bond; so far as any rights under the bond are to be obtained. (*Reed* v. *McCourt*, 41 N. Y., 435; *Champlain & St. L. R. R. Co.* v. *Valentine*, 19 Barb., 484.)

If, then, there was no bond given with the mortgage, the Revised Statutes confine the remedies of the mortgagee to the lands mentioned in the mortgage. (1 R. S., m. p. 738, section 159 [139]). The language of that section is explicit. But the plaintiff urges that the section speaks of the remedies of the *mortgagee*, and that it applies only to his remedies in that character. Such a construction would make the section meaningless; because, as *mortgagee* simply, he would, aside from the section, be confined for his remedies to the land mentioned in the mortgage.

And the plaintiff further urges that there was a debt contracted by the defendant to the testator ; that this has been paid only in part ; that, therefore, the plaintiff has a right of action upon that debt to recover the balance. I am not prepared to say that this view may not be sound, where there has been a pre-existing debt and a mortgage without bond, or separate instrument, or covenant, is taken *as collateral* to such debt; it may be that such debt remains, notwithstanding the mortgage; and that this section of the statute does not, apply in that case. (*Hone* v. *Fisher*, 2 Barb. Ch., 559.)

But where there has been no pre-existing debt, and a mortgage is given to secure the payment of a sum of money, then I think that the mortgagee's remedies are confined to the land mentioned in the mortgage, unless he has taken an express covenant for the payment, or a bond, or other separate instrument to secure the same. (*Hone* v. *Fisher, ut supra ; Vrooman* v. *Dunlap*, 30 Barb.,

203; *Severance* v. *Griffith*, 2 Lans., 38.) The reasons of this statute (as indicated by the revisers), is probably, that when the mortgagee takes no covenant or written agreement to secure the payment of the money, he intends to accept the land as his security. The absence of any written agreement to repay must have been considered by them to be evidence that the party who received the money intended to incur no personal obligation. The opposite view, the revisers suppose " to be contrary to received and very natural opinions." (See revisers' notes to this section.) The plaintiff also has a claim in his complaint for an equitable lien for purchase-money. But such a lien does not exist where a mortgage has been taken. And, even if there were such a lien, it could be of no avail to the plaintiff in the present action. The premises which were sold to the defendant have already been foreclosed under the mortgage given for the purchase-money.

The judgment should be affirmed, with costs against plaintiff as executor.

Present — LEARNED, P. J. BOARDMAN and TAPPAN, JJ.

Judgment affirmed, with costs.