SAMUEL J. MACK, APPELLANT, *v.* MORTON B. AUSTIN, AS EXECUTOR, ETC., OF LUCINDA M. AUSTIN, DECEASED, RESPONDENT.

*Married woman — she is only liable for the amount secured by a mortgage when it contains an express covenant on her part for its payment; merely charging her separate estate with the payment of the amount is insufficient.*

An action against a married woman to recover the amount of a deficiency arising upon the foreclosure of a mortgage given by her, cannot be maintained unless an express covenant to pay the amount named in the mortgage be contained therein and her separate estate be charged with the payment thereof.

No such covenant can be implied from a statement in the mortgage that she charges her separate estate with the payment of the amount.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon a decision made at the Cayuga Circuit.

The action was brought to recover a deficiency arising upon the foreclosure of a mortgage upon certain real estate made by the

defendant's testatrix which had been assigned by the mortgagees to the plaintiff. The premises were sold in pursuance of a statutory foreclosure.

The complaint alleges "that before this action was commenced the said deficiency upon said mortgage * · * * was duly demanded of said .defendant," and then follows an ordinary prayer for a money judgment in the sum of $866.31. In the mortgage was contained the following provision, viz. : "This grant is intended as a security for the payment of the sum of twelve hundred dollars, money loaned and advanced to the said party of the first part for the benefit and upon the credit of her separate estate and property. And said party of the first part hereby charges her separate estate with the payment of said sum of twelve hundred dollars in one year from date thereof with interest thereon until paid, with the privilege of payment of the same at any time or any part thereof, in sums not less than two hundred and fifty dollars in any one payment to the said party of the second part; and this conveyance shall be void if such payment be made as herein specified. And in case default shall be made in the payment of the principal sum intended to be secured, or in the payment of the interest thereof, or any part of such principal or interest as above provided, it shall be lawful for the parties of the second part, their executors, administrators or assigns, at any time thereafter to sell the premises hereby granted." * * *

The court held that the complaint did not contain facts sufficient to constitute a cause of action, and dismissed it.

*Chester M. Elliot,* for the appellant.

*Howland & Wheeler,* for the appellant respondent.

HARDIN, J. :

No express covenant to pay the sum named in the condition of the mortgage was inserted and none can be implied. (1 R. S., 738. § 139 ; *Hone* v. *Fisher,* 2 Barb. Ch., 559 ; *Severance* v. *Griffith,* 2 Lans., 38 ; *Culver* v. *Sisson,* 3 N. Y., 264 ; *Turk* v. *Ridge,* 41 N. Y., 201 ; *Gaylord* v. *Knapp,* 15 Hun, 87 ; *Coleman* v. *Van Rensselaer,* 44 How., 368.)

The argument of the appellant, that the words of the mortgage

import an intent on the part of the mortgagor to charge her estate generally with the debt, in this law action upon the terms of the mortgage, does not aid the appellant, as none of the words of the mortgage contain a promise or covenant to pay the sum named in the mortgage.

Had the action been to recover an indebtedness, created or existing independent of the mortgage, a different question would have been presented. Then the authority of *Elder* v. *Rouse* (15 Wend., 218), as approved by HURLBUT, J., in *Culver* v. *Sisson* (3 N. Y., 266) would apply.

In the latter case it was held that an action would not lie upon a chattel mortgage which does not contain an " express promise to pay or a distinct acknowledgment of an existing debt." We have not the case of an action on the original debt with the mortgage used as evidence of it or as evidence that the mortgager being a married woman intended to charge her separate estate with the payment of such debt. But a complaint in which the plaintiff puts forth the theory that the testatrix has covenanted by the terms of the mortgage to pay the debt, or that a promise to pay should be implied, and that such covenant or promise has been expressly charged upon the estate of the deceased.

Such legal liability, as the plaintiff sought to establish it, failing, the complaint cannot now after trial, and without amendment, be upheld, and a cause of action of a different character supported by a different theory be sustained. (*Stevens* v. *Mayor*, 84 N. Y., 296; *Salisbury* v. *Howe*, 87 id., 134.)

We must hold (1) that the mortgage contained no covenant to pay any deficiency; (2) that none can be implied; and (3) that this action, predicated upon the terms of the mortgage, cannot be shifted into an action of debt or to recover upon indebtedness existing independent of the terms of the mortgage. The result at the circuit merits our approval and the judgment is affirmed.

SMITH, P. J. and BARKER, J., concurred.

Judgment affirmed, with costs.