JOHN SANFORD AND BELINDA SANFORD, RESPONDENTS, *v.* FRANCIS McDONALD AND WILLIAM COX, APPELLANTS.

*Determination of a disputed boundary line by oral agreement and the change of the location of a partition in a building on the premises to conform therewith — what is not a settlement of a dispute or controversy.*

McDonald and Cox received from one Patrick a deed of certain premises; after the grantees had taken possession thereof a question arose in regard to the boundary line between the premises thus conveyed and certain premises which the same grantor had conveyed to another party. Patrick having caused a survey to

be made by an engineer, and a chalk-line having been drawn upon the line of such survey, the parties were asked whether they were satisfied with such line, and each replied in the affirmative, whereupon an existing partition in the building upon the premises was removed and was located upon such line by direction of Patrick.

*Held*, that as the survey was made at the instance of Patrick in order to ascertain the true line, which neither party assumed to know, each being desirous that the true line should be located, but neither manifesting any willingness to abandon or surrender any of their rights, that there was no settlement or compromise of a disputed line; and it being demonstrated by a subsequent survey that the line so located was erroneous, that the same was not conclusive upon the parties owning the respective parcels of land.

That the only effect of the assent of the parties to such line was that they were to accept and abide by it, if it was the true line, and not otherwise, and that really no dispute or controversy was settled between them.

APPEAL by the defendants from a judgment of the Supreme Court, in favor of the plaintiffs, entered upon the report of a referee, appointed by an order of reference directing him to hear and determine the issues; which judgment was entered in the office of the clerk of the county of Rensselaer on the 17th day of December, 1887.

One Patrick, being the owner of certain premises on the north side of Congres street, between Third and Fourth streets, in the city of Troy, conveyed by deed of January 5, 1875, to the defendants a portion of those premises, and to the plaintiffs, by deed of February 15, 1875, another portion of the premises. The controversy in this action arose as to the boundary line between the premises thus conveyed.

*Charles E. Patterson*, for the appellants.

*Edgar L. Fursman*, for the respondents.

INGALLS, J.:

We are satisfied that the decision of the referee is in accordance with the true line as established by actual survey, and, in that particular, substantial justice has been administered. The vital question presented by this appeal, as we regard it, is, whether the defendants were successful at the trial in establishing their defense upon the alleged ground that there had been a practical location of the line by which the rights of the parties had become settled. We have given that question careful consideration, both in regard to the facts of

the case and the law applicable thereto, and have reached the conclusion that the decision of the referee was correct upon that question, and that the plaintiffs' rights have not been concluded by what occurred in regard to the attempted location of the line, based upon the survey of Charles L. Fuller. John Patrick was the common source of the title under which the plaintiffs and defendants claim. The defendants received from John Patrick their deed of the premises claimed by them January 5, 1875. On the 15th day of February, 1875, the plaintiffs received from John Patrick a deed of the premises claimed by them. After the plaintiffs had taken possession of the premises some question arose in regard to the line between the premises of the respective parties, and John Patrick, aided by Mr. Stephen Warren, caused a survey to be made by Charles L. Fuller, and upon the line produced by such survey a chalk line was drawn, and the plaintiff John Sanford, and the defendant William Cox were asked whether they were satisfied with such line, and each replied in the affirmative, whereupon the partition was removed and located upon such line by the direction of Mr. Patrick. It is apparent from the evidence that all of the parties at the time supposed that the line surveyed by Mr. Fuller was the correct line, and that their acquiescence therein was based upon such assumption. The referee has found the following: "But the line so drawn was not a line drawn and fixed as or in compromise of any dispute between the parties." We are satisfied that the evidence sustains such findings. The survey was at the instance of Mr. Patrick in order to ascertain the true line, and neither party assumed to know where it was, and each were desirous that the true line should be located, and neither manifested any willingness to abandon or surrender any of their rights, but were willing to accept the true line. There was, therefore, no settlement or compromise of a disputed line, as neither party assumed to know where the true line was previous to the survey by Mr. Fuller, and doubtless each at the time supposed that such survey was correct. It has been demonstrated by a survey made jointly by Mr. Fuller and Luther D. Eddy, that the survey made by Mr. Fuller in the first instance was erroneous, and, consequently, all that was done by the parties in the attempt to locate the line based

upon Mr. Fuller's survey was based upon a mutual mistake in regard to the correctness of such line. Practically the parties were willing to accept and abide by it, if it was the true line, and not otherwise, and really no dispute or controversy was settled between them. Under such a state of facts we are satisfied that we should not adjudge that either party became estopped by such attempted location of the line. It has been shown that the true line was susceptible of demonstration by a survey correctly made, and, consequently, there was no practical difficulty in ascertaining its true location; and there really existed no well-founded cause for dispute or controversy between the parties, and there was, therefore, nothing to compromise, in the sense required to constitute the basis of a practical location. We do not overlook the expression contained in the eighth request of the defendants to the referee to find, which is as follows: "That while negotiations for the sale from Patrick to the plaintiffs were pending, and before the delivery of their deed to them, a disputed question arose between the plaintiffs and defendants as to the westerly line of the defendants," etc. The answer thereto by the referee explains sufficiently what he intended to find upon the subject, and the nature of the dispute. There has not been shown by the defendants such an acquiescence by the plaintiffs, in the line which was based upon the erroneous survey of Mr. Fuller, which, as to its character or duration, can be regarded sufficient to conclude the plaintiffs' right to repudiate such erroneous line, and to insist upon the true line. We, therefore, conclude that a practical location of the line has not been established. In support of the views expressed we refer to the following adjudications upon this subject: *Hubbell* v. *McCulloch* (47 Barb., 288); *Adams* v. *Rockwell* (16 Wend., 285); *Baldwin* v. *Brown* (16 N. Y., 359); *Jackson* v. *Douglas,* (8 Johns., 367); *Reed* v. *McCourt* (41 N. Y., 435).

We are of opinion that the plaintiffs have not mistaken their remedy, as we think the action to recover the possession of real property may be maintained in the form adopted by the plaintiffs. The decision of the referee we deem correct, and should be affirmed with costs.

LEARNED, P. J., concurred.

LANDON, J.:

I concur in the result, because I think the acquiescence five years in the practically located line was not long enough. It was not necessary that the true line should be in dispute. (*Sherman* v. *Kane*, 86 N. Y., 57, 73.)

Judgment affirmed, with costs.