## VERBAL AGREEMENT AS TO LOCATION OF A DIVIDING LINE INVALID.

Common Pleas Court of Ashland County.

THOMAS v. WEBBER.

Decided, July 18, 1912.

*Boundary—Between Adjacent Lands Not Changed by Consent Verbally Given—Adverse Possession—Fences—Estoppel—Injunction.*

Where a fence has been recognized for more than twenty-one years as the true line between the lands of adjacent owners, the procuring by one of the owners of a survey which located the line twelve feet over on his land, together with a verbal direction given by him to the adjoining owner to build a new fence on the new line, does not estop such owner from afterward insisting that the line of the old fence shall be treated as the dividing line; and in such a case injunction lies to restrain the adjoining owner from the ancient line.

*Reed & Beach,* for plaintiff.
*Chapman & Taggart,* contra.

DEVOR, J.

The plaintiff, George W. Thomas, filed a petition in this court, August 26, 1911, against the defendant, George W. Webber, and for cause of action says that he is seized in fee simple of seventy-five acres and ninety-nine rods in Green township in Section 4. The defendant is the owner in fee simple of an adjoining farm in Section 4.

The land of plaintiff is divided from the land of defendant by a line running east and west, which line is marked by a fence, which has stood on the same line for more than forty years, the land of the plaintiff lying on the north and contiguous to the land of the defendant.

On or about March 18, 1911, the defendant removed said fence from its ancient and established line, over and upon the land of this plaintiff about twelve feet, and extending along said

line for a distance of about fifty-five rods, and committed other acts of trespass upon the lands of this plaintiff by digging holes and setting posts. Plaintiff was compelled to and did, for the purpose of protecting his land and preventing waste thereon, remove said posts and fence from his said land.

Plaintiff prays that the defendant be restrained from removing said line fence over upon the land of the plaintiff, and for such other relief as he may be entitled to upon the final hearing.

The defendant filed an answer to this petition, and admits that the plaintiff is seized in fee simple of certain real estate in Green township, north of and contiguous to the defendant's real estate.

Defendant admits that the real estate of defendant is divided from the real estate of the plaintiff by a line running east and west, and that on or about March 18, 1911, defendant removed from its location portions of a certain fence, which then separated the aforesaid lands of plaintiff and defendant.

Defendant avers that prior to March 18, 1911, plaintiff procured the line between their lands to be surveyed and marked out, and notified defendant to build his share of the fence upon said line; plaintiff told defendant that said line was the true and correct boundary line between their lands; that, relying upon the notice and statement of plaintiff, defendant removed certain portions of the fence, and set a number of posts upon the line marked out by the surveyor, which were afterwards removed by plaintiff.

Defendant denies that he committed any acts of trespass, or threatened to commit any acts of trespass, upon plaintiff's land, and denies each and every other allegation of plaintiff's petition, not herein admitted.

Defendant further avers that whatever he did in removing the fence or in setting posts was done by him in accordance with plaintiff's notice to defendant, and in reliance upon his statements regarding said line, and that plaintiff is thereby estopped to maintain his action, or to claim the relief asked by him in his said petition.

For a cross-petition defendant avers that the plaintiff removed fifty-five posts, which had been set by defendant, and filled up sixty-seven post holes, which had been dug by defendant, to plaintiff's damage in the sum of $50.

Defendant prays that the petition be dismissed, that he may have judgment for $50, and that the court make such order in this cause regarding the respective rights of the parties herein as may be required by justice and equity, and for all necessary and proper relief.

This case was submitted to the court upon the evidence and the above pleadings. It is a contention over a small strip of land, arising over changing the location of an old line fence between their lands. Now and then there is litigation over a line fence, and one would think the law would be settled, and there would be no occasion for such cases. Every case, however, is liable to have new features in it. The facts in this case are substantially as follows, to-wit:

The fence on the old line had been there thirty to thirty-five years. It was crooked, made so, for some reason, by former owners. The plaintiff wanted a new fence, and wanted to make it straight. Defendant wanted it on the old line. The plaintiff claimed the defendant had part of his land, and he was going to charge him rent for same. Plaintiff wanted to know if defendant would pay part of the expense of making a survey. Defendant refused. The plaintiff had the subject on his mind, and could not forget it, and he called out the surveyor himself, without the aid of the defendant, and had him make a survey and ran the line between their lands, and paid the surveyor himself. Defendant was present at the survey and watched the proceedings. The surveyor ran the line straight, but largely on the plaintiff's land, instead of on the defendant's land, as the plaintiff had expected. Plaintiff told the defendant when the survey was completed that "The line is fixed now, and you can go ahead and build your fence accordingly." Plaintiff told the surveyor that the line did not come where he expected it, but he would submit and build his fence on it. Defendant began the next morning to set posts on the new line about twelve feet from the old line on plaintiff's land.

The next day the plaintiff was making some measurements on the line, and did not tell the defendant to stop. Defendant says he told him to go on and build his fence. The plaintiff denied doing so. In a few days, however, plaintiff, after consulting a lawyer, had his eyes opened to the situation, and came home and notified defendant to stop building the fence on the new line and brought this action, after he had removed the posts set by defendant, and filled up the holes. The defendant insists upon his right to build the fence on the new line, and the court is called upon to determine where the fence should be located, without regard to the form of this action.

It is conceded that the old line fence had been upon its location for more than twenty-one years, and that those parties and their predecessors in title had possession of the land up to the fence for same period of time, and farmed and pastured the same. There never was any contention over it until the plaintiff got the subject on his mind. The plaintiff started the contention, got the surveyor, and started this action, and now wants the fence on the old line.

It is the law of this state that where one of two owners of adjoining lands, respectively, holds actual, known and exclusive possession up to a certain line, for the full period of twenty-one years, he has thereby acquired title up to such line, whether the line be the true line or not. That is, a line thus fixed is not subject to attack upon the ground that such line is not the real or true line, and can not be changed by the surveyor without a proper agreement to change the line by the owners of the land. *Yetzer* v. *Thoman*, 17 Ohio St., 130; *Smith* v. *McKay*, 30 Ohio St., 409; *Brown, Stat. Frauds*, Section 75; *3 Washburn, Real Prop.*, 160; *Wilson* v. *Wilson*, 6 N.P.(N.S.), 493; *Fletcher* v. *Fuller*, 120 U. S., 534; *McNeely* v. *Langan*, 22 Ohio St., 32; General Code, 8533.

Does the evidence in this case prove an agreement between those parties to establish a new line as run by the surveyor? The court can not find from the evidence that there was such an agreement or a meeting of the minds of these parties to establish a new line. The evidence is not sufficient to establish

such an agreement. The defendant refused to agree to anything before the survey was made and after the survey he said nothing, and began to build fence the next day, induced by the thought probably of gaining a small strip of land, twelve feet wide.

The plaintiff the next day was measuring the land himself to see if the survey was correct. He was not satisfied, and told the surveyor so.

An agreement arises from the mutual intentions of the parties. Their wills and thoughts upon the subject of the agreement must be in mutual accord before an agreement can be said to exist between them. Besides, the answer does not allege that there was an agreement.

Is the plaintiff estopped by his acts and conduct from now insisting upon the old fence as the line? Does the calling of the surveyor, making the survey on the new line, stating to the defendant after the survey was made to build his share of the fence, and the defendant thereupon set a number of posts on the new line, estop the plaintiff in this action from claiming the land up to the old line? The court is of the opinion that it does not.

Judge Spear in the case of *Ensel* v. *Levy*, 46 Ohio St., 259, says:

"The general doctrine of estoppel is stated in varying forms," and, after quoting from a number of authorities, gives the rule as to an estoppel, "that, where one, by his acts or declarations, made deliberately, and with knowledge, induces another to believe certain facts to exist, and that other rightfully acts on the belief so induced, and is misled thereby, the former is estopped to afterwards set up a claim based upon facts inconsistent with the facts so relied upon, to the injury of the person so misled."

This rule is approved and followed in the case of *Pennsylvania Co.* v. *Platt*, 47 Ohio St., 383. This case involved a question of title to real estate, and the court on page 385 says:

"It is, we think, by these and other adjudications in this state, fully established that in order to estop an owner from

asserting title to his property, by his declarations and conduct, it must appear that he was, at the time, apprised of the true state of his title, that he knew or had reason to believe his declarations or conduct would be acted upon by another, that they were acted upon by such person in ignorance of the title, and that such person will be injured by allowing the truth of the admission by the declaration or conduct so acted upon by him, to be disproved; and, while an owner who stands by, and without objection sees a railroad constructed on his land, will, after the road is completed, or large expenditures have been made thereon, upon the faith of his apparent acquiescence, be estopped from reclaiming the land, or enjoying its use by the railroad company, he is not thereby estopped from claiming compensation for its value."

It is a difficult matter to change an old line fence under the law of Ohio, that has stood for more than twenty-one years. When the title to the land has become vested in the owner to the old line by adverse possession, the proper course to pursue is to have a written agreement.

Judge Thurman said, in the case of *Walker* v. *Devlin,* 2 Ohio St., 593, 607:

"That proprietors of adjacent lands may, by verbal agreement and occupancy, fix a disputed and uncertain boundary, is not denied, but it has never been held, so far as we can discover, that a bare trespasser, having no title whatever, can, by such an agreement, become the owner of his neighbor's land."

"A parol agreement to establish a new boundary line between adjoining properties, where the true boundary is neither indefinite nor uncertain, is void, under the statute of frauds." *Vosburgh* v. *Teator,* 32 N. Y., 563; *Nichol* v. *Lytle,* 12 Tenn., 456; *Olin* v. *Henderson,* 120 Mich., 149; *Pickett* v. *Nelson,* 79 Wis., 9, 12; *Sanford* v. *McDonald,* 53 Hun., 263.

This disposes of all the questions made in this case, and the finding of the court is in favor of the plaintiff, and against the defendant on the issues. Each party ordered to pay their own costs.

Judgment accordingly.